## WASSELL VS. TRAPNALL, ADX.

A Court of chancery having rendered a personal decree against the defendant therein for a specific sum—part of the complainant's demand for repairs and improvements of buildings, the rents and profits of which were received by the defendant—the complainant, upon the death of the defendant, filed an account in the Probate Court for allowance against his estate for the remainder of the demand: *Held*, that if the Chancery Court intended to decree satisfaction of the remainder of the demand for repairs, out of the rents and profits, but omitted to provide a remedy for enforcing the decree, the remedy of the party was by application to the Chancery Court to enlarge the decree.

If upon the whole record the judgment of the Court below is right, this Court will not enquire whether the Court erred in excluding testimony.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

CUMMINS, for the appellant.

TRAPNALL, for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

In April, 1855, John Wassell applied to the Probate Court of Pulaski county for the allowance and classification of a demand against the estate of Frederick W. Trapnall, deceased, as follows:

" To amount of rents received by said Trapnall in his life time, and by his administratrix since, on behalf of his estate, upon lot 4, in part, and the east half of lot 5, in block 2, east of the Quapaw line, [Little Rock,] and arising from the buildings and improve-

ments thereon, which rents, by decree of Pulaski
Circuit Court of July 2d, and August 9th, 1850, were
declared to belong to me, for the payment for certain
repairs made by me on said property to the amount
of $185 32, with interest from that date, over and
above the sum of $500, then decreed against said
Trapnall for nett rents before received, to wit:· · · · $185 32
To interest on said sum from 9th August, 1850, to 9th
  March, 1855, being 4 years and 7 months· · · · · · · ·    50 96

                                        $236 28

Appended to the account was the affidavit of Wassell, stating
that the sum demanded had been received as above set forth by
F. W. Trapnall in his life time, *and by his administratrix 'since
his death*, as money belonging to said affiant by said decree, and
that nothing had been paid towards the satisfaction thereof, etc.

Upon the account was endorsed the disallowance of Mrs.
Trapnall, the administratrix, etc.

The Probate Court allowed the claim, and Mrs. Trapnall ap-
pealed to the Circuit Court of Pulaski county, where the judg-
ment of the Probate Court was reversed, and the cause tried *de
novo* by the Court, sitting as a jury, and a finding and judgment
against the validity of the demand.

Wassell took a bill of exceptions, from which it appears that
upon the trial, in the Circuit Court, he read in evidence the de-
cree referred to in the account, and the judgment of this Court
affirming that decree upon the appeal of Trapnall.

That he then offered to prove that Trapnall, *in his life time*,
had received rents from the property mentioned in the decree
to the amount of the sum demanded of his administratrix as
above, etc., but the Court decided that such proof was incompe-
tent under the form in which the demand was presented. That
under the account and affidavit as made out by Wassell, and
which were the foundation of the suit, it was incompetent for
him to show that Trapnall, during his life time, had received

any rents belonging to Wassell under the decree. To this decision Wassell excepted and appealed.

The character of the decree referred to in the demand of the appellant may be seen by reference to the case of *Watkins & Trapnall vs. Wassell*, 15 *Ark.* 73, where the decree was affirmed as to Trapnall, and reversed as to Watkins.

Wassell's bill for repairs upon the ware-house situated upon lot 4 and the east part of lot 5, as appeared from the Master's report, amounted at the date of the final decree, to $685 32, including interest from the 17th of August, 1845. It was declared by the decree that he was entitled to a satisfaction of his bill for repairs out of the rents and profits of this property to the extent of $500, and it appearing from the Master's report that Trapnall had received nett rents from the property amounting to that sum, a personal decree was rendered against him in favor of Wassell for $500. But we have examined the decree very carefully, and we find no provision in it for the satisfaction of the remainder of Wassell's bill for repairs ($185 32), out of the rents and profits of the property. If the Court intended to decree Wassell satisfaction of this further sum from the rents, etc., it should not only have so declared, but should have provided a remedy for enforcing the decree. It would be a novelty for a court of equity to decree that a debt should be paid out of the rents of real property, and provide no means for the creditor to avail himself of the rents. If the Court, in this case, really intended to decree to Wassell a satisfaction of the remainder of his bill for repairs out of the rents of the property, but omitted to provide a remedy for enforcing the decree, Wassell should have applied to the Court to enlarge the decree so as to provide for its execution.

It follows that if the Court below had permitted Wassell to prove that Trapnall had received rents from the property, during his life time, to the amount of the sum demanded of his administratrix, or to a less amount, no judgment could have been rendered in favor of Wassell for any sum. It is, therefore,

unnecessary to decide whether the Court did or did not err in excluding such evidence, as upon the whole record, the judgment of the Court was right, and must be affirmed.