| 40 | 351 |
| 87 | 33 |

### No. 2,450.

W. L. BARLOW, RESPONDENT, v. SAMUEL H. BURNS, APPELLANT.

PLEADING, IN FORCIBLE ENTRY AND DETAINER.—A complaint in an action of forcible entry and detainer, which in the first count alleges the possession of the plaintiff, and the unlawful entry of defendant, without alleging a witholding, or a demand of the possession, or a refusal, or the use of force or menace; but in a second count stated as a "further, separate and distinct cause of action," alleges possession of the defendant, a demand of possession by plaintiff, refusal, and forcible detainer by defendant, etc., is bad on demurrer.

FORCIBLE ENTRY AND DETAINER.—The remedy by the action of forcible entry and detainer is only given to those who are in actual possession, and cannot be sustained by merely showing a constructive possession, or a right of possession.

APPEAL from the County Court of Monterey County.

Defendant demurred to the complaint, and the demurrer was overruled by the Court.

The other facts are stated in the opinion.

*Gregory & Webb*, for Appellant.

The complaint does not state facts sufficient to constitute a cause of action. (*Valencia* v. *Couch*, 32 Cal. 342; *Shelby* v. *Houston*, 38 Id. 410.)

There is no allegation of demand. (Forcible Entry Act, Stats. 1865–6, p. 769, Sec. 3, Practice Act, Sec. 42; *More* v. *Del Valle*, 28 Cal. 172).

Concerning possession under the Act we cite: *Preston* v. *Kehoe*, (15 Cal. 315); *Wright* v. *Whitesides*, (Id. 47); *Murphy* v. *Wallingford*, (6 Id. 145); *Garrison* v. *Sampson*, (15 Id. 93); *Plume* v. *Seward*, (4 Id. 95); *Wolfskill* v. *Malajowick*, (39 Id. 276.)

As to the character of the possession necessary to enable a plaintiff to maintain an action of this character, no citation of authorities would seem to be necessary, but we call attention to *Coryell* v. *Cain*, (16 Cal. 567); and to the cases cited herein from 15 Cal. Rep. and to *Ross* v. *Roadhouse*, (36 Id. 580); *Buel* v. *Frazier*, (38 Id. 693).

As to the entry which will be deemed forcible: *McMinn* v. *Bliss*, (31 Cal. 122); *Thompson* v. *Smith*, (28 Cal. 527); *Frazier* v. *Hanlon*, (5 Cal. 156). And as to the forcible detainer within the purview of the Act: *Hodgson* v. *Jordan*, (29 Cal. 577); *Polack* v. *McGrath*, (25 Cal. 54); *McEvoy* v. *Igo*, (27 Cal. 375); *Thompson* v. *Smith*, *(supra)*.

*Julius Lee* and *T. Beeman*, for Respondent.

The complaint contains two counts. The first states the unlawful entry, and the second the detainer and the demand. (*Mecham* v. *McKay*, 37 Cal. 162; *Morgan* v. *Higgins*, Id. 60).

The plaintiff could not regain peaceable possession, and feared any attempt would end in violence and bloodshed; and the conduct of defendant was sufficient to excite plaintiff's fears, and that is all that is required. (*O'Callahan* v. *Booth & Deal*, 6 Cal. 65; *Morgan* v. *Higgins*, 37 Cal. 60.

Temple, J., delivered the opinion of the Court:

This is an action of forcible entry and detainer, in which

judgment was rendered for plaintiff, and defendant's motion for a new trial having been overruled, an appeal is taken from the judgment and the order denying a new trial.

The complaint is in two counts. In the first the plaintiff states his possession and the entry of defendant during his absence, but does not allege a withholding of any character, or a demand of possession, or a refusal, or the use of any force or menace. In the second count he shows that the defendant being in the possession, plaintiff demanded that he surrender possession, which defendant refused to do, but still detains them by force, etc.

It is evident that the demurrer ought to have been sustained, as neither count by itself states a cause of action. It is probable that the Court below regarded both counts of the complaint as one, as they were really intended to be; and if they could be so regarded in the face of the statement in the complaint, that the last count is a further, separate and distinct cause of action, such ruling would be correct.

The evidence shows that the plaintiff, something more than a year before the commencement of the action, caused a tract of land said to be public land containing one hundred and forty-five acres, to be measured and staked off; that he had a dairy house upon the land so staked off, and carried on the dairy business. The extent of the dairy business carried on, or the number of cattle grazed, does not appear. It was not shown that the land was subject to pre-emption, or that the plaintiff had complied with the possessory act of this State, prescribing the mode of maintaining possessory actions on public land in this State, passed April 20, 1852, though, if these facts had been proven, it would not have benefitted the plaintiff in this action. The defendant went upon the land thus surveyed and staked off, a portion of which was entirely unoccupied, and of which the plaintiff is not shown to have had any sort of possession whatever.

It is manifest that this action cannot be maintained on this state of facts. Even if the plaintiff has acquired rights with reference to this land by virtue of the pre-emption

laws, he cannot assert them in this form of action. This remedy is only given to-those who are in actual possession, and cannot be sustained by merely showing a constructive possession, or a right of possession.

.Judgment is reversed and cause remanded, with directions to sustain the demurrer to the complaint.