## WALKER VS. McGILL.

1.   FORCIBLE ENTRY AND DETAINER :    *No Judgment in, for rents.*
     The judgment for the plaintiff in an action of Forcible Entry, or unlawful detainer, must be only for possession and cost—not for rents, whether he obtains possession at the commencement or end of the suit.

APPEAL from *Crittenden* Circuit Court.
HON. J. N. CYPERT, Circuit Judge.

W. W. *Smith,* for Appellant.
S. P. *Hughes,* for Appellee.

S. W. WILLIAMS, SP. J.    In this case, which was an

Walker v. McGill.

action of unlawful detainer brought under Sec. 22 of the Act of of March 2d, 1875, by complaint and summons, there was a trial before the Court sitting as a jury, finding and judgment for the recovery of the *land* in controversy, in favor of appellee, with damages—two years rent. The appellant excepted to sundry rulings of the Court, presented his bill of exceptions, which was signed by the Judge and made part of the record. We have examined it, and find that the motion for a new trial is not made a part of the record.

The bill of exceptions simply states that the defendant then filed his motion for a new trial, which was overruled, to which action of the Court in denying said prayer for a new trial, the defendant excepted. The motion and grounds for new trial are not copied into, or referred to, and made part of the bill of exceptions in any mode by which it can become a part of the record.

For this error we have nothing before us except the record of the regular and ordinary proceedings of the Court.

On looking at the record of the judgment, we find that in a suit of unlawful detainer, judgment was rendered for the land, and for one hundred and fifty dollars, rent for two years. As this is a strictly possessory action, the better practice is to let the judgment conform and be responsive to the complaint. The title to the *soil* is not involved, and cannot be tried, and the judgement should have been for possession and costs. The Court below gave judgment for the rents. This is the first time, that a case has come before this Court, which was brought under the 22d section of the Act of March 2d, 1875, which is an exact copy of the 22d Section of Chapter 72, Gould's Digest. This Section permits a plaintiff to bring a suit under the Forcible Entry and Detainer law by

FORCIBLE ENTRY AND DETAINER:

No judgment in, for rents.

complaint and summons without bond and affidavit, by which possession is retained by the defendant until the determination of the suit. There would seem to be strong reason why the plaintiff in such case should recover rents, as incident to the recovery of possession. In the case of *Keller v. Henry*, 24 *Ark.*, 575, it was held that this form of action was for possession alone and not for damages; that Section 16 of Chapter 72 of Gould's Digest, under which that suit was brought, limited the recovery to costs. The 16th Section of the Act of March 2d, 1875, is a literal copy of the same Section of Chapter 72 of Gould's Digest.

But in the case of *Keller v. Henry* an affidavit was filed by the plaintiff and bond was given and possession taken at the commencement of the suit, and not, as here, at the end of it. Is there any difference?

This 16th Section of the Act of 1875, in limiting the judgment, seems, from its language, to apply to all cases under it. In the case of *Collins v. Karatopsky*, 36 *Ark.*, 330, which was an action under this Act, in which the defendant had retained possession, by giving bond under the provisions of the amendatory Act of 1875, it was held that damages should not be assessed in the action, citing and relying upon the case of *Keller v. Henry*. It would be difficult to discover a difference, between that case and this, in all that is substantial on this point. We must follow it unless we are prepared to overrule it.

At Common Law, in cases of ejectment, which was the common action for real possessions, the plaintiff if he prevailed, recovered damages, yet the damages which he had sustained by being kept out of possession were not recoverable in that action, because it was never laid with a *continuendo*, and therefore comprehended only damages sustained in the particular *act* of ouster complained of;

indeed the action of ejectment, as conducted at Common Law, was a mere fiction brought by a nominal plaintiff against a nominal defendant, for a supposed ouster, and of course for mere nominal damages. In its inception the writ of ejectment was for damage alone, and that was the measure of recovery by this action. But later, this action was changed and was for the time only, (that is, it became strictly an action for possession and not for damage) and for satisfaction in damage a subsequent action of trespass had to be brought, in form trespass *vi et armis*. See *Bacon Ib. page* 300, *title "Ejectment," letter H.*

Our Statute, *Gantt's Dig. sec.* 2260, provides for the recovery of rents and profits with the land in an action of ejectment, thus changing the Common Law. But this change does not apply to this form of action, nor to actions by complaint and summons under the 22d Section of the Act. The action of Forcible Entry and Detainer and Unlawful Detainer are statutory actions purely, and are confined in their scope to the terms and import of the Statute. Section 16 of the Act of March 22d, 1875, expressly limits the right of the plaintiff to the recovery of costs. Of course where the case has been brought like this, under Section 22 of the Act of 1875, by complaint and summons, the judgment must also be for the recovery of possession, which is withheld until the end of the suit.

As the Court below erred in rendering a verdict for damage, the judgment must be reversed and the cause remanded to the Court below for further proceedings according to law.

Hon. W. W. SMITH did not sit in this case.