Anderson v. Mills.

<hr />

## ANDERSON v. MILLS.

1. FORCIBLE ENTRY AND DETAINER: *How far title inquired into.*
   In this action the estate or merits of the title cannot be inquired into except to show the right to the possession and the extent thereof.

2. SAME. A. was in possession of premises under a claim of ownership, letting them to tenants by the month. When the last tenant vacated A. locked up the house and was looking out for another tenant, but before he procured one, B, claiming a better title, made an entry into a back room and deposited there a cot and some other household goods. A. finding them there removed them to the yard, and thereupon B. brought Forcible Entry and Detainer. HELD: That B's entry was an intrusion and a trespass, and that he could not maintain the action.

APPEAL from *Miller* Circuit Court.

Hon. J. K. YOUNG, Circuit Judge.

*L. A. Byrne* for appellant.

1. A party cannot maintain forcible entry, etc., who has never reduced the premises to possession. *Wray v. Taylor,* 56 *Ala.,* 188; *Treat v. Stuart,* 5 *Cal.,* 113; *Bennett v. Mont-*

*gomery*, 8 *N. J. L.* (3 *Hals*) 48; 38 *Ill.*, 237; 38 *Cal.*, 619; 1 *Lans.* (*N. Y.*) 222.

2.  Mills was an intruder, and in the eye of the law a trespasser.  10 *Ark.*, 50; *Beaty v. Jones*, 1 *Cald.* (*Tenn.*) 482.

3.  Bare possession without right will support an action, but it must have ripened into a peaceable possession against all parties.  38 *Mich.*, 645; 49 *Cal.*, 74; 60 *Mo.*, 56.

4.  Forcible entry and detainer cannot be maintained upon a scrambling possession.  45 *Cal.*, 597; 49 *Ib.* 74.

*Oscar D. Scott* for appellee.

This action was brought under *Sec. 2 Act March* 2, 1875.

A bare possession without right will be protected and restored if invaded by force, etc. *McGuire v. Cook*, 13 *Ark.*, 448, 459.

In forcible entry, etc., the question of title cannot be raised, so that the possession of plaintiff appears.  2 *Stur.* (*Ala.*) 474; 6 *Conn.*, 78; 32 *Ill.*, 290; 45 *Ill.*, 250; 14 *B. Mon.*, 44; 27 *Mo.*, 337; 29 *Mo.* 133; 4 *Ala.*, 353; 7 *Mo.* 158; 3 *Yerg.* (*Tenn.*) 558.

A trespasser can maintain the action.  1 *Morr.* (*Iowa*) 253; 37 *Iowa*, 15; see also 23 *Cal.*, 381; *Harris v. Turner*, 46 *Mo.* 438; *Davidson v. Phillips*, 9 *Yerg.* (*Tenn.*) 93; *S. C. Am. Dec.*, 393; *Little v. Grady*, 38 *Ark.*, 584.

SMITH, J.  This was an action of forcible entry and detainer, to recover possession of two lots in the town of Texarkana.  The lots had, it seems, originally belonged to a railroad company, and it had sold them to one Arthur, receiving part of the purchase money and giving him a bond for title, in which there was perhaps a clause of forfeiture upon failure to pay the remainder.  Arthur took possession, built a house of four rooms, and in August, 1877, sold and conveyed the premises to appellant, Anderson, for $700 which was then paid.  Anderson went into possession under

his purchase, and remained in possession until the 22nd of March 1880, letting the house and lots to tenants by the month. A few days before the date last mentioned, Anderson's tenants had vacated the premises and his agent had locked the house, and was looking around for another tenant, when Mills, the appellee, made his entry, by depositing a sleeping cot and some other household goods in the back room. Anderson found the articles there, and not knowing whose they were, but supposing, as he testifies, that they had been left there by his late tenant, placed the same out in his yard. Mills then brought the present action.

His connection with the property originated thus: $160 of the original purchase money due by Arthur remained unpaid. On the 31st of January, 1880, the railroad company, without any notice to Anderson, quietly cancelled the contract with Arthur and resold the premises, which, according ing to the proofs, were worth $1000, to its own land agent, one Bramble, for the balance then due upon the first sale. And Mills is the tenant of Bramble.

A trial before the jury resulted in a verdict and judgment for the plaintiff.

In this action the estate, or merits of the title, cannot be inquired into, except to show the right to the possession and the extent thereof. *Act of March 2nd*, 1875, *Sec*. 19.

Consequently our remarks must be restricted to the single point: Who is entitled to the possession until the ownerhip of the property can be adjudicated?

The Court gave and refused several instructions to the jury which it would be unprofitable to discuss in detail. The vice which pervades those given at the instance of the plaintiff is that they are predicated upon the assumption that plaintiff had actual and peaceable possession of the demanded premises; whereas he had only a scrambling possession. The continuity of Anderson's possession has never

been broken; that is to say, there has been no interval of time during which Mills could enter without being himself guilty of an unlawful entry. His attempted entry was a mere intrusion and a trespasss. *Wray v. Taylor*, 56 *Ala.*, 188; *Barlow v. Burns*, 40 *Cal.*, 351; *Bowers v. Cherokee Bob*, 45 *Id.* 495; *Conroy v. Durane, Id.* 597; *Voll v. Butler*, 49 *Id.* 74.

In *Harris v. Turner*, 46 *Mo.*, 438, the facts were essentially different from the facts of this case. There A. had entered upon the land of B; had planted a crop, and was in peaceable possession of the same. He had thus acquired an actual possession which had ripened into a peaceable occupation. And it was held that no superior right of B. could justify him in ousting A. by force, and in case of such eviction A. could bring forcible entry and detainer.

If a man should shut up his house for the summer and upon his return should find that some tramp had established his quarters in his kitchen, as shown by his leaving his baggage, we do not think the owner would be driven to an action of ejectment to try the title, butthat he might safely set the things outside in the street, leaving the tramp to his own devices to regain possession.

Reversed and remanded for a new trial.