## WATSON V. WATSON.

Decided October 11, 1890.

*Bill of exceptions—Time for filing.*

Where an extension of time beyond the term is given to prepare a bill of exceptions, it does not become a part of the record, when settled by a judge in vacation, or by bystanders as the statute permits, unless filed with the clerk within the time allowed.

APPEAL from *Ashley* Circuit Court.

C. D. WOOD, Judge.

The trial court gave appellant "until the third day of the Bradley circuit court to present his bill of exceptions." The transcript does not show when, if ever, the bill of exceptions was filed in the Ashley circuit court and became a part of the records in the case. Appellant filed a motion, alleging that "the bill of exceptions in this case was presented and signed by the judge at the Bradley circuit court on the third day of said court. That said court is a full day's journey from Hamburg, the county seat of Ashley county, and that appellant filed the bill of exceptions with the clerk at Hamburg on the next day, and the clerk who filed the bill is dead." Appellant therefore moved for a continuance in order that he might adjudicate and establish these facts by a *nunc pro tunc* order in the court below.

*W. S. McCain* and *G. W. Norman* for appellant.

When the plaintiff has *presented* his bill of exceptions in time, he has met the requirements of the statute. 11 S. W. Rep. (Ky.), 364; 81 Ky., 475; 31 Ohio St., 103; 106 Ind., 152; 107 Ind., 32. See also 10 N. E. Rep., 78; 40 Ill., 98; 121 Ill., 321; 122 U. S., 138; 20 How., 383; 20 Mich., 219. The Arkansas cases do not conflict with this ruling. In 52 Ark., 554, 42 Ark., 488, 35 Ark., 386, and 35 Ark., 395, the exceptions were not

filed at all.   In 38 Ark., 216, 283, 39 Ark., 558, and 45
Ark., 102, the exceptions were *presented* and *signed* after
the time allowed.

*D. W. Jones* and *George W. Williams* for appellee.

The old rule required the bill to be filed during the term.
1 Ark., 361; 3 Ark., 451.   The statute now allows time
"not beyond the succeeding term."   The statute does not
authorize the settling and filing in vacation; it must be either
in the term at which the case was tried or during the next
term in the same county.   17 B. Mon., 603; 2 Metc. (Ky.),
297;   2 Metc. (Ky.), 378; 3 A. K. Marsh., 360; 25 Mo.,
18;   1 Iowa, 18 (Cole's Ed.); 42 Ark., 107.   If signed
within the time, but not filed until afterwards, they were held
invalid.   54 Iowa, 196;  54 Iowa, 698;  60 Iowa, 96;  4
Cent. Law J., 248.   It must be settled in the county where
tried.   17 B. Mon., 603; 2 Wyo., 406; 2 Wyo., 457.   When
time is extended and party waits until last day, he cannot
complain.   5 Col., 133.   A *nunc pro tunc* order cannot
validate it.   6 Bush, 547; 2 Metc. (Ky.), 425.

COCKRILL, C. J.   The statute allowing an extension of
time beyond the term to settle a bill of exceptions does not
authorize the filing of the bill after the time limited.

Bill of excep-
tions—Time for
filing.          Under the old practice, when bills were allowed only in
term by an order of court, they became a part of the record
by virtue of the order.   An allowance of the bill was, there-
fore, all that was required.   Such is still the rule where the
bill is settled at a subsequent term by order of court.   *White
v. Allen*, 11 S. W. Rep. (Ky.), 364; *Meaux v. Meaux*,
81 Ky., 475; *Potter v. Myers*, 31 Ohio St., 103.   See *Bul-
lock v. Neal*, 42 Ark., 282.   But when settled by a judge
in vacation, or by bystanders as the statute permits, it is no
part of the record until filed with the clerk.   *Adler v. Con-
way Co.*, 42 Ark., 488; *Lafollette v. Thompson*, 83 Mo.,

199.  Until it becomes a part of the record, it is not an exception in the cause.  But the right to preserve exceptions does not exist after the expiration of the time given by the court for that purpose, and so the bill cannot become a record of the exceptions by filing after that time.  The expiration of the time after the trial term has the same effect as the expiration of the term under the former practice.  *Davies v. Nichols*, 52 Ark., 554.  As no exception could be preserved after the expiration of the term in the one case, so none can be preserved after the expiration of the extended time in the other.

The motion for leave to cause the record to be amended will be denied, and, as no question is presented by the record in the absence of a bill of exceptions, the judgment is affirmed.