## HILL v. DADE.

### Opinion delivered November 3, 1900.

1. PARTIES — MULTIFARIOUSNESS.— Where an heir seeks to determine whether her ancestor's executrix had authority under the will to convey the fee in the ancestral lands, all persons holding any of such lands through conveyances from the executrix are properly joined as parties, and the bill is not multifarious, as the decision of the question at issue will settle the rights of all the parties. (Page 412.)

2. WILL—CONSTRUCTION—ESTATE CONVEYED.—A will appointed the testator's executrix and sole trustee of his estate, and authorized her to sell the property and reinvest the money arising therefrom, and provided that she might make "use of the proceeds of said property for her own maintenance and the education and support of my children during her natural life, to be equally divided amongst them, share and share alike, at her death." *Held*, (1) that no estate was conferred upon the executrix in her own right, but a mere authority to sell and reinvest, with a

right to be supported out of the income or proceeds of the property; (2) that, at the termination of the trust, the property should be equally divided among the testator's children; the executrix having no power to make preferences among them. (Page 413.)

Appeal from Ashley Chancery Court.

JAS. F. ROBINSON, Chancellor.

## STATEMENT BY THE COURT.

Henry C. Dade died in 1865, leaving property both real and personal. In the will which he left he appointed his wife, Elizabeth Dade, executrix and trustee. She took charge of the estate, and during her life sold and disposed of most of the property. After her death, which occurred in 1896, Agnes Hill, a daughter of herself and Henry C. Dade, brought this action to construe the will of her father, H. C. Dade, and for an account and for other purposes. A large number of persons were made defendants, who were children or grandchildren of Henry C. Dade or parties who held property purchased by them from the executrix and trustee, Elizabeth Dade. The plaintiff alleges and contends that the trustee had only power to convey a life estate in the lands, while the defendants assert that under the will she had absolute power of disposal and the right to convey the fee. They also raised the question that the complaint was multifarious. The chancellor, after hearing the evidence, found in favor of the defendants, and dismissed the complaint for want of equity.

From this decree plaintiff appealed.

*Geo. W. Norman,* for appellant.

All persons materially interested, either legally or beneficially, in the subject-matter are to be made parties, either as plaintiffs or defendants. Story, Eq. Pldg. p. 86; Sand. & H. Dig., §§ 5703–5707. Multifariousness is not ground of demurrer. 34 Ark. 600; 32 Ark. 490; 39 Ark. 158; 42 Ark. 186. Equity has jurisdiction when a tenant in common alleges ouster by his cotenant, and prays an account of rents. 31 Ark. 353; 38 Ark 440–3 *et seq.* The statute of limitations does not run against a remainderman until the death of the life tenant. 42 Ark. 357; 60 Ark. 70. There can be no partition in an action

to settle title to lands, but when chancery has possession on some clear ground of equity jurisdiction, distinct from the matter of partition, the cause may be retained. 38 Ark. 439; 48 Ark. 550; 31 Ark. 345; 47 Ark. 268; 49 Ark. 576. The entire controversy is then settled. 47 Ark. 238. A trustee cannot buy for his own benefit. 61 Ark. 368. Chancery has jurisdiction to construe wills. 38 Ark. 435; 50 N. E. 176; 75 N. W. 413. The executrix had only a life estate with vested remainder to the beneficiary named in the will. 51 Ark. 61; 38 Ark. 439; 104 U. S. 291; 52 Ark. 113. A life tenant and his vendees not entitled to improvements. 44 Ark. 477; 6 Laws. Rights & Remedies, 4431; 38 Ark. 454.

*Robt. E. Craig*, for appellees.

The will takes effect from the death of the testator, on property both real and personal. 57 Ark. 70. Judicial notice of the date of the war will be taken. 34 Ark. 465. The cases of 51 Ark. 61, 38 Ark. 439, 104 U. S. 291, do not support appellant's contention. If absolute power of disposal be given to the executor with remainder over, the gift over to the remainderman is inconsistent with the power, and therefore void. 19 Am. Rep. 525; 29 Am. Rep. 493; 109 U. S. 725; 45 Am. St. Rep. 493. The will must be construed as a whole, if possible. 53 Ark. 361. The language conveys an estate in fee. 1 Sugd. Powers, 129, 130. The purchaser is not required to look to the application of the purchase money. 19 Am. St. Rep. 282–4; 34 Ark. 463; 44 Ark. 61. The statute of limitations applies only to an express trust, not when the trust is extinguished or repudiated. 46 Ark. 25; 53 Ark. 538. A party holding an equitable right must assert it in a reasonable time. 55 Ark. 85.

*Geo. B. Pugh*, for appellees.

A *bona fide* purchaser under a plain power need not see to the application of the purchase money. 34 Ark. 463; 44 Ark. 73; 2 Dembitz, Land Titles, p. 937. Appellant is guilty of the grossest laches, and cannot recover. Sand. & H. Dig., § 4815; 34 Ark. 467; 43 Ark. 484; 55 Ark. 85. The property sold should remain undisturbed in the possession of the purchasers. 38 Ark. 430; 53 Ark. 358.

*Bridges & Wooldridge*, for appellees.

When the statute begins to run, nothing stops it. Plaintiff's coverture would not avail her. 16 Ark. 159. The statute makes no exception in favor of a married woman. 46 Ark. 37; 16 *id.* 671; 32 *ib.* 97; 113 U. S. 449. The statute runs as to constructive trusts. 46 Ark. 37; 52 Ark. 168; 49 Ark. 468; 58 Ark. 84.

*Geo. W. Norman*, for appellant, in reply.

In construction of wills, the testator's intention must prevail. 31 Ark. 146. An estate may be created by implication. Bigelow, Wills, 302; 152 Mass. 95; 128 Mass. 370; 13 Pick. 159; 23 Pick. 287; 37 Me. 264; 3 Paige, 9. A gift of the proceeds of real estate is a devise of the real estate itself. 53 Pa. St. 79; 6 Laws. Rights & Remedies, p. 4427. Beneficiary could sue only a life estate, and the vendors were bound to take notice of its character. 51 Ark. 72; 38 Ark. 438; 52 Ark. 113; 104 U. S. 291; 93 U. S. 326; 22 Ark. 567. A life tenant who sells by quit-claim advises his vendee thereby that a life estate only is sold. 5 Laws. Rights & Remedies, p. 3788; 99 Am. Dec. 179; 48 Ark. 550; 31 Ark. 352; 47 Ark. 268; 49 Ark. 576; 56 Ark. 398; 45 Ark. 549. No bill is multifarious which presents a common point of litigation. 85 Fed. Rep. 55; *id.* 67; 113 U. S. 340. No right of action occurred in favor of remainderman until life estate terminated. 51 Ark. 75; 53 Ark. 359.

RIDDICK, J., (after stating the facts.) The first question presented by this appeal arises on the contention that the complaint in this case was multifarious. But we agree with counsel for appellant that "no bill is multifarious which presents a common point of litigation, the decision of which will affect the whole subject-matter and settle the rights of all the parties." *Kelley* v. *Boettcher*, 85 Fed. Rep. 55; *Curran* v. *Campion*, *ib.* 67; Bliss on Code Pleadings, § 110. All the defendants in this case derive title to the real estate claimed by them from the estate of Henry C. Dade through conveyances made by Elizabeth Dade under power conferred upon her by the will of Henry C. Dade. The determination of the question of

whether Mrs. Dade had under the will power to convey the fee or only an estate for her life will settle the rights of all the parties, so far as the legal title to the land is concerned, and for that reason they were all properly joined in this action. The will which we are called upon to construe contains the following provision: "I do hereby ordain, constitute and appoint my wife, Elizabeth Dade, my sole executrix and *sole trustee* of my estate, whether of moneys, credits or effects, and the sole guardian of my children, * * * without requiring of her, my said wife Elizabeth Dade, security for the same; with power to sell any and every portion of said property, and reinvest the money arising from said sale again, whenever she may find it advantageous so to do for the best interest of my children aforesaid, except all slaves which I am possessed of at this time or may hereafter own; making use of the proceeds of said property for her own maintenance and the education and support of my children during her natural life, to be equally divided amongst them, share and share alike, at her death."

A consideration of the entire will convinces us that the power to sell conferred upon the trustee, Mrs. Dade, embraced all the property of the estate, both real and personal. A different construction would lead to the conclusion that the testator only intended to dispose of his personal property by his will, whereas it seems more reasonable to believe that, in referring to his estate and making his wife trustee thereof with power to sell, he intended to dispose of his entire property. But the language of the will above quoted did not confer upon Mrs. Dade, the trustee, an estate in her own right, either for life or in fee. The testator does not bequeath or devise his property to his wife, but appoints her executrix and trustee of his estate, with power to sell any and every portion of the property and reinvest the proceeds whenever she may deem it for the best interest of the children to do so. If she held an estate in this property under the will, it was not for herself, but as trustee of her children. The beneficial interest which she obtained in the property devised only extended to a maintenance out of the income or proceeds of the property. It is not her property which she is authorized to sell and reinvest, but the

property of the children which she held as trustee. It would seem unreasonable to believe that the testator, in making provision that the trustee might sell this property for the purpose of reinvestment, intended she should only sell a life estate therein. We therefore conclude that the power given was an absolute power to dispose of all the interest owned by the testator. If the will had devised to the executrix an estate for life in the lands, in her own right, with the power to dispose thereof, we might, as this court did in *Patty* v. *Goolsby*, 51 Ark. 61, infer that the power of disposal referred to the estate of the executrix, and not to the remainder left to the children. But no estate is conferred upon the executrix in her own right by the will. As before stated, she is appointed trustee of the property, with power to sell and invest for the children, giving to her the right to use so much of the income or proceeds of the property as might be necessary for her own maintenance. The beneficial interest which she obtained in the property devised only extended to a maintenance out of the income or proceeds of the property. For this reason, we do not think the rule laid down in *Patty* v. *Goolsby* applies in this case, and we hold that Mrs. Dade had, under the will, power as trustee to make an absolute disposition of the property devised.

It was the manifest intention of the testator that his property should, after the termination of the trust conferred upon Mrs. Dade, be equally divided among his children, and the will directed that she might make this division before her death. But it is clear that she had no right to prefer one child to another in such division nor could she do so by a pretended sale or gift of the property to one child in preference to another. There is some evidence tending to show that Mrs. Dade did attempt to confer an undue portion of the property upon her daughter, Mrs. Williams, but the evidence on that point is not very clear, and we are not called upon by the pleadings to go into a discussion of that question in this case, a question with which a large number of the defendants, who are not children or heirs of the testator, have no connection, and in which they have no interest.

For this reason, the decree of dismissal entered by the

chancery court must be affirmed, but the decree below is modified, so that this dismissal may be without prejudice to any future action by plaintiff against Mrs. Williams or other children and heirs of Henry C. Dade, to secure an equal distribution of the land or distribution of the property devised by him.