## VICKERY v. SCOTT *et al.*

No. 761, Ind. T.   Opinion Filed November 23, 1908.

(98 Pac. 941.)

**FORCIBLE ENTRY AND DETAINER—Implied Force Insufficient to Maintain Action.** Under the laws of Arkansas in force in the Indian Territory before statehood, implied force, as when the defendant enters the premises peaceably though unlawfully, is not sufficient to support an action for forcible entry and detainer.

(Syllabus by the Court.)

*Error to the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by William A Scott and others against John Vickery. Judgment for plaintiffs, and defendant brings error. Reversed.

*Raymond, Maxey & Runyan,* for plaintiff in error.
*John R. Thomas* and *Grant Foreman,* for defendants in error.

KANE, J.   The defendants in error, plaintiffs below, filed their complaint in forcible entry and detainer against the plaintiff in error, defendant below, wherein they alleged in substance, that they were the owners and entitled to the possession of certain lands situated in the Cherokee Nation, and that said lands were occupied by them for a home and as a prospective allotment.   That while the lands in question were in their possession the defendant, without lawful right, and without consent of the plaintiffs, unlawfully and forcibly entered upon a portion of said lands and held forcible possession of same, depriving plaintiffs of the use thereof. Defendant filed his answer, in which he denied taking forcible possession of the land while the plaintiffs were in possession thereof, and denied that they were ever the lawful owners and in possession of the same.   Further answering, he alleged that he and his wife and child were citizens of the Cherokee Nation, and entitled to the lands as an allotment; that on the date alleged in said complaint he entered upon said lands and took possession thereof; that at that time they were unoccupied and covered with timber, and were part of the public domain of the Cherokee Nation, and he entered the same with the intention of filing thereon as an allotment.   Upon the issues thus joined the cause was submitted to a jury, which returned a verdict in favor of the plaintiffs, and, judgment being rendered thereon by the court below, the cause is now in this court for a review thereof.

Counsel for plaintiff in error contends that there is no evidence in the record to support the verdict, and cites *Johnson et al. v. West et al.,* 41 Ark. 535, with which he contends the case at bar is identical.   In the Johnson Case, *supra,* Mr. Justice Smith, who wrote the opinion of the court, says:

"But a forcible entry and detainer is a tort, pure and simple. Force is the gist of the action.   It is a remedy designed to protect the actual possession, whether rightful or wrongful.   It must accordingly be shown that the defendant did enter without the consent of the person having the possession in fact of the premises, and that such original entry or subsequent holding of possession

was with force and strong hand. Constructive possession or evidence that the plaintiff is entitled to possession is not sufficient. And implied force, as when the defendant enters peaceably though unlawfully, is not sufficient. * * * Furthermore, the plaintiff cannot maintain this action upon a scrambling possession, as we decided in *Anderson v. Mills,* 40 Ark 192."

The evidence in the case at bar discloses that the land involved in this case consisted of about 30 acres, arranged in three legal subdivisions of 10 acres each, extending side by side lengthways, cut in its longest dimensions by the plaintiffs' fence so that nearly one-half was inside plaintiffs' inclosure and the remainder outside. They had cultivated the land inside the fence for a good many years, and the remainder of the land they had used for the same length of time to obtain timber for firewood and fence posts, intending to cultivate the same as soon as the clearing they were making was completed. The testimony further shows that for years they had claimed a right of possession to all the land in controversy, and had been recognized by their neighbors as the owners of the land outside the fence as well as the land inside. When citizens of the Cherokee Nation were permitted by the government to allot the lands held by them so as to include their improvements, they were required to allot according to legal subdivisions, extending their farm holdings or cutting them off, as the case might be, to conform to the nearest adjacent section lines. When the land in the Cherokee strip was surveyed in legal subdivisions it was found that the land involved here lay between plaintiffs' fence and the section line near it, and that it was necessary to include this land with part of the land inside the fence properly to shape up the allotment. The testimony further shows that the suit was brought by William A. Scott and his wife, Georgia Scott, and their adopted daughter, Juillet Smith. That the Scotts had for about 45 years owned the land included in part of the tract sued for, and that they were holding it for part of an allotment for their foster daughter, Juillet Smith. Before the case was reached for trial Mr. Scott died, and the suit then pro-

ceeded in the interest of Juillet Smith.  Vickery, the plaintiff in error, went upon the land outside the fence without the consent of the defendants in error, for the purpose of making it part of his allotment, and refused to vacate upon demand by them; there is no evidence that he used any actual force in making his entry.

Applying the construction of the Supreme Court of Arkansas to the foregoing facts, even if the evidence tends to show such possession in the plaintiffs as would entitle them to maintain an action of forcible entry and detainer, yet on the question of force the proof is fatally defective.  The case at bar falls squarely within the rule laid down in *Johnson et al. v. West et al., supra.*  The following excerpt from the opinion of Mr. Justice Smith seems to be exactly in point:

"There was no evidence of force used by the defendants beyond that which is requisite to constitute an ordinary trespass.  They entered upon uninclosed lands, not occupied at the time by any person.  It was done quietly and not tumultuously.  No weapons, threats or intimidation were resorted to.  And the subsequent taking possession of a vacant house was unaccompanied 'by such words and actions as have a natural tendency to excite fear or apprehension of danger.'  Nor does the refusal of the defendants to get out of the house, unless put out by law, make them guilty of a forcible detainer."

As this case arose while the statutes of Arkansas governing forcible entry and detainer were in force in the Indian Territory, we are constrained to follow the construction put upon such statute by the highest court of that state.

The judgment of the court below is reversed.

All the Justices concur.