## PRIOLEAU *v.* WILLIAMS.

Opinion delivered July 8, 1912.

1.  FORCIBLE ENTRY AND DETAINER—QUESTION INVOLVED.—In an action of unlawful detainer, which is based upon a contract, either express or implied, whereby the relation of landlord and tenant arises, the title of the land is not involved, but merely the right of possession. (Page 324.)

2. SAME—CHANGE OF ISSUE.—An action of unlawful detainer can not be converted into an action of ejectment by an answer alleging that if plaintiff had a deed to the land purporting to have been signed by defendant it was procured by fraud, and asking that it be cancelled; nor by instructions that if the deed in question was procured by fraud the plaintiff could not recover. (Page 325.)

3. INSTRUCTIONS—NECESSITY OF REQUEST.—Where plaintiff asked only for a peremptory instruction when under the evidence there was an issue of fact, he can not complain that other instructions were not given. (Page 326.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Trimble, Robinson & Trimble,* for appellant.

1. The judgment is void. In unlawful detainer, no question of title, or estate, can be litigated. 9 Pac. 195; 34 Kan. 335; 40 Ark. 193; *Ib.* 38; Kirby's Dig., § 3698. The court had no jurisdiction to enter the judgment, and hence it is void. 109 U. S. 258; 131 *Id.* 176; 57 Ala. 628; 99 Mass. 267; 43 Mo. 502; 83 Va. 232; 83 *Id.* 338; 14 Cal. 479; 14 Ia. 211.

2. Proof that defendant was a tenant at will, demand of possession and refusal are sufficient to maintain the action. 36 Ark. 518.

3. No fraud was proved, and the verdict is not sustained by the evidence.

*James B. Reed* and *Chas. A. Walls,* for appellee.

1. If an error was committed, it was an invited error, and it is too late to object here. 33 Ark. 107; 47 *Id.* 493.

2. To constitute unlawful detainer, there are several requirements which are lacking here: (1) The relation of landlord and tenant must exist. 31 Ark. 296; 34 *Id.* 444; 54 *Id.* 460; 36 *Id.* 518. (2) It can only be maintained by one who is in possession of the land. 49 Ill. 462; 11 Mo. 605. (3) Possession must have been unlawfully and forcibly taken (33 Ark. 56; 38 *Id.* 257), and withheld. 10 Ill. 218.

3. It was competent to show fraud and misrepresentation. 65 Ga. 161; 2 Neb. 79; 14 Fed. Cas. 104; 119 Ill. 532.

4. Unlawful detainer can not be made a substitute for ejectment. 10 Ore. 483; 33 Ark. 56; 62 *Id.* 262. The answer put the title in issue, and thus made the case ejectment. 176

N. Y. 115; 27 Okla. 27; 24 Cal. 114; 67 *Id*. 447; 44 Ark. 377; 54 *Id*. 30; Kirby's Dig., § 1304.

5. Inadequacy of consideration is a circumstance to show fraud. 8 Ark. 146; 84 N. C. 515; 4 Dess. 687; 2 Yerger 294; 91 Ill. 283; 18 N. J. Eq. 441; 76 Va. 744; 91 Ia. 399.

FRAUENTHAL, J.  This was an action of unlawful detainer, instituted by the appellant, Louise Prioleau, to recover possession of certain land in Lonoke County which she alleged in her complaint the defendant was holding as her tenant at will.  An affidavit was filed in compliance with section 3634 of Kirby's Digest in order to obtain the issuance of a writ of possession.  This writ was issued, and thereupon the defendant executed a retention bond in pursuance of section 3638 of Kirby's Digest, and retained possession of the land.  The defendant filed an answer, denying the material allegations of the complaint, and also alleging therein that, if plaintiff had in her possession a deed to the land involved in the suit purporting to have been signed by the defendant and her deceased husband, it was obtained by fraud and misrepresentation.  She asked for judgment for retention of the possession of the land, and also that the alleged deed be cancelled.  Upon the trial of the case the jury returned the following verdict: "We, the jury, find for defendant."  Thereupon the court entered a judgment in effect adjudging that defendant retain the possession of the land and recover all costs of the case.  In the judgment it is also recited: "It is further ordered, adjudged and decreed by the court that the deed purporting to convey the title to said lands executed by the said Gabe Williams and the defendant Lucy Ann Williams to the plaintiff herein, Louise Prioleau, be cancelled, set aside and held for naught."

This is an action of unlawful detainer instituted in the circuit court, and is a possessory action only.  It is an action to recover the immediate possession of the land, and not to determine the title thereto.  "In such an action the title to the premises in question shall not be adjudicated upon or given in evidence except to show the right of possession and the extent thereof."  Kirby's Digest, § 3648.

The right of action is based upon a contract, either express or implied, whereby the relation of landlord and tenant arises

and exists between the parties. *Fowler* v. *Knight*, 10 Ark. 43; *McGuire* v. *Cook*, 13 Ark. 448; *Bradley* v. *Hume*, 18 Ark. 284; *Dortch* v. *Robinson*, 31 Ark. 298; *Necklace* v. *West*, 33 Ark. 682; *Walker* v. *McGill*, 40 Ark. 38; *Anderson* v. *Mills*, 40 Ark. 192. See also *Logan* v. *Lee*, 53 Ark. 94; *James* v. *Miles*, 54 Ark. 460.

The issue, therefore, which was involved in this suit was whether or not the defendant was a tenant of the plaintiff, either by contract expressly made or arising by implication.

It is urged by counsel for defendant that, although the case was instituted as an action of unlawful detainer, it was by the parties treated and tried as an action of ejectment. We do not think that this contention is correct. It is true the defendant in her answer, in addition to the denials there made, also alleged that, if plaintiff had in her possession a deed to the land purporting to have been signed by her, it was obtained by fraud and misrepresentation, and asked that it be cancelled. But the answer was not made a cross complaint, nor was a motion made to transfer the cause to the chancery court, which primarily has jurisdiction to grant the relief of cancelling written instruments. The plaintiff was not required to file a reply (Kirby's Digest, § 6108), and did not by any pleading indicate that she joined issue on a matter, the result of the determination of which would give the court the right and power to cancel this deed. The allegation in the answer was in effect a statement of fact showing that the plaintiff did not have the right of possession, and therefore that no tenancy arose by implication from such right. So that the allegation relative to the deed, made by the defendant, was simply an averment tending to deny a right of possession in the plaintiff and any implied contract of tenancy arising therefrom.

Upon the trial of the case, plaintiff introduced in evidence a deed purporting to have been executed by defendant conveying to her the land in controversy; but this was admissible for the purpose of showing right of possession in plaintiff, and thus as tending to support any evidence of the tenancy by the defendant. It did not show that plaintiff consented that the title was litigated and should be adjudicated in this suit. The defendant introduced testimony over plaintiff's

objection, relative to the inadequacy of the consideration mentioned in the deed for the land, and as to other facts and circumstances tending to show that the deed was obtained by fraud and misrepresentation. The effect of this testimony was to prove that the plaintiff did not have a right of possession by virtue of the alleged deed, and thus to rebut any inference arising from such deed that the defendant held possession of the land under a contract of tenancy. The retention of the possession of land by a vendor after the recent execution of a deed by him therefor raises a presumption that the vendor holds the land by the sufferance of the vendee, and testimony tending to impeach the validity of such deed would rebut that presumption.

The court gave certain instructions presenting to the jury for its determination the question as to whether or not the deed was obtained by fraud and imposition, and charging them that if it was the plaintiff could not recover. We do not think these instructions changed the action from one of unlawful detainer to ejectment, or were erroneous. The plaintiff based her claim that the defendant was a tenant at will upon the ground that she had a right to the possession of said land by reason of said deed, executed by defendant, and that defendant held possession thereof only by sufferance. If no such deed was in fact executed, then her claim that defendant held as her tenant at will and by her sufferance, which claim was under the evidence dependent upon the deed, fell with the deed.

The plaintiff only asked for a peremptory instruction. She did not ask for an instruction based upon any controverted issue involved in the case, and can not complain because the court gave no instructions except those relating to the validity of the deed. The evidence, we think, presented a controverted question of fact as to whether or not by contract, either express or implied, the defendant was a tenant at will of the plaintiff. The jury returned a verdict in favor of the defendant, and this, we think, was responsive to that issue. The issue was the present right of the plaintiff to the possession of the land. That issue was dependent upon the question of fact as to whether or not the defendant was her tenant at will, and that question of fact was under the evidence made

dependent upon whether or not defendant had executed to her a deed for the land. The jury decided that issue in favor of the defendant, and there was sufficient evidence to warrant that finding. Upon that verdict, the only judgment that should have been rendered was one adjudging the retention of the land by defendant and the recovery by her of all costs.

But we do not think that the plaintiff, either by the pleadings or by any step taken by her in the trial of the case, consented that a cause of action involving the cancellation of the deed for alleged fraud or mistake should be tried and determined by the circuit court, even if that court had jurisdiction by agreement to try and adjudicate the rights involved in such an action. So much, therefore, of the judgment as adjudges and decrees that the deed executed by defendant and her deceased husband to plaintiff be cancelled is erroneous. In all other respects the judgment is correct. The judgment will therefore be modified so as to eliminate so much thereof as cancels said deed; and, as modified, the judgment will be affirmed.