STATE LIFE INSURANCE COMPANY *v.* GOODRUM.

4-3519

Opinion delivered July 9, 1934.

*Chas. A. Walls,* for appellant.

*Trimble, Trimble & McCrary,* for appellee.

JOHNSON, C. J. The sole question here presented for determination is the applicability of an affirmative plea of *res judicata* in bar of appellee's alleged cause of action. The facts are not in material dispute and may be summarized as follows:

On December 18, 1920, appellant issued its policy of life insurance by the terms of which it agreed to pay to designated beneficiaries $2,500 in the event of the death of the insured, Thomas T. Goodrum. On April 18, 1921, appellant issued a second and additional policy of life insurance identical in all respects to the one issued on December 18, 1920, except as to the date of issuance. The insured died on April 9, 1933, at which time both policies, as heretofore described, were in full force and effect. After the death of the insured, proof of loss under each separate policy was made and liability was denied by the insurer under both contracts. Thereafter, on August 7, 1933, a suit was instituted by the beneficiary in succession upon the policy or contract of date December 18, 1920, in the Lonoke Circuit Court, and upon trial thereof on September 6, 1933, judgment was rendered in favor of the beneficiary and against the insurer for the face value of the policy *plus* penalty, attorney's fees and costs. Thereafter, this judgment was paid and satisfied in full of record. On September 7, 1933, the suit here under consideration was instituted in the Lo-

noke Circuit Court upon the policy or contract of insurance dated April 18, 1921, and the defense interposed and urged below and insisted upon here was the plea of *res judicata*. This plea of *res judicata* is bottomed upon the proceedings had and done under the prior judgment of September 6, 1933. Appellant's contention is that appellee was required, under the law, to prosecute and maintain in one law action all demands which he had or held against appellant, and that, since appellee failed so to do, the present action is barred by the previous one. The argument is that the death of the insured is the basis of the cause of action, and that the maintenance of two suits upon separate policies of insurance is the splitting of his one cause of action and should not be tolerated by the courts. If we could agree that the insured's death is the basis of the cause of action, appellant's contention would be correct, but such is not the fact. The basis and foundation of these suits were the respective contracts of insurance upon the life of the insured. The only reason why any liability existed in favor of the beneficiary and against the insured is by reason of the contract which so provides. All the rights and liabilities of the parties are measured by the terms of the contracts. Therefore, it certainly appears that the basis of the suit is the contracts of insurance and not the death of the insured. The death of the insured was the condition named in the contract of insurance upon which liability attached as against the insurer and is not the basis of such liability. *Smith* v. *Mutual Life Ins. Co. of New York,* 188 Ark. 1111, 69 S. W. (2d) 874.

The general rule in reference to the question under consideration is stated in 34 C. J., par. 1246, p. 836, thus: "The rule against splitting causes of action does not require a plaintiff who has distinct and disconnected causes of action against the same defendant, each of which by itself would authorize independent relief, to join them in a single suit, although they existed at the same time and might permissibly be so joined, etc."

Section 30, Subject Actions, 1 R. C. L., 351, states the general rule as follows: "With respect to separate

and independent contracts, separate actions may be brought at the pleasure of the party, subject only to the power of the courts to direct them to be consolidated in proper cases.''

Appellant cites *Berry* v. *Linton*, 1 Ark. 252; *Blakeney* v. *Ferguson*, 18 Ark. 347; *Wassell* v. *Trapnall*, 19 Ark. 677, and many other cases as supporting the contention here presented.

*Berry* v. *Linton* decided only that separate causes of action could not be joined for the purpose of conferring jurisdiction. *Blakeney* v. *Ferguson* decided that a liability on an injunction bond could not be split but that one action must suffice. This doctrine is predicated squarely upon the theory of one bond, one liability and one action for its recovery. This will suffice to show the material distinctions between cases cited and their application to the case under consideration.

Moreover, it has ever been the rule in this State that separate causes of action can not be joined in one action except when authorized by the code. *Clements* v. *Lumpkin*, 34 Ark. 508; *Riley* v. *Norman*, 39 Ark. 158; *Waldo* v. *Thweatt*, 64 Ark. 126, 40 S. W. 782; *Hill* v. *Dade*, 68 Ark. 409, 59 S. W. 39; *K. C. S. Ry. Co.* v. *Tonn*, 102 Ark. 20, 143 S. W. 577.

Separate causes of action may be joined in one complaint only in the instances prescribed by § 1076, Crawford & Moses' Digest. Even after joining of separate cause of action as authorized by § 1076, cited *supra*, § 1077 authorizes the striking of any separate cause of action by plaintiff prior to final submission to the jury. Thus it appears from our statutes on civil procedure that it is discretionary with plaintiff, and that he may elect, whether or not separate causes of action accruing to him under separate contracts shall be joined in one complaint and in one action. It is true that, after separate suits are filed on separate and distinct contracts, the courts are authorized, by §§ 1080 and 1081 of Crawford & Moses' Digest, to consolidate certain causes for trial purposes, but when such order of consolidation is effected, it in no wise changes the rule in reference to separate causes of action, and, even after such order of

513

consolidation, the causes of action remain separate and distinct. *New York Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. (2d) 520.

It follows that by the execution and delivery, by appellant to the insured, of the two separate policies of insurance two separate and distinct causes of action were thereby created, and, under the authorities cited *supra,* when liability accrues such separate causes of action may be instituted, prosecuted and maintained separately at the election of plaintiff or until consolidation is effected as provided by law.

The judgment appealed from conforming to the views here expressed, the same is in all things affirmed.