DeClerk *v.* Spikes.

4-7238                                           178 S. W. 2d 70

Opinion delivered February 28, 1944.

*W. E. Beloate* and *W. J. Schoonover,* for appellant.

*Blackford & Irby,* for appellee.

McFADDIN, J. This appeal challenges the correctness of a circuit court judgment declaring appellee to be the owner of certain real estate and awarding him possession and damages for detention.

W. E. Spikes filed an action of forcible entry, under chapter 71 of Pope's Digest, against Adam Starr in June, 1940. The plaintiff claimed the ownership and right to immediate possession of the house and lot in Walnut Ridge involved in this litigation, and alleged that while the building was vacant and being repaired, the defendant, Starr, forcibly entered the building at night and retained possession after demand and notice. The plaintiff made proper affidavit that the rental value of the property was $25 per month, and made bond for $1,200 (twice two years rent) for immediate possession. Starr duly filed cross-bond conditioned as required by § 6044 of Pope's Digest and retained possession until the judgment herein on March 8, 1943.

In order to understand the turn that the litigation took, it is well to list the pleadings, to-wit:

A. On October 7, 1940, Starr filed his answer alleging that he entered the premises and continued to hold same as tenant of Mary DeClerk, "who is the owner thereof."

B. On May 12, 1941, Mary DeClerk filed intervention and answer. She claimed to be the real owner, and alleged that she acquired her title by deed in 1926. She asserted that Spikes had obtained his possession through collusion with her former tenant (*i. e.* some one prior to Adam Starr), and she prayed that "plaintiff's action be dismissed."

C. On October 6, 1941, Spikes filed his reply and cross-complaint to the pleading of Mary DeClerk. Spikes filed ten pages of pleadings and thirty-two pages of exhibits, and deraigned his title through deeds based on foreclosure proceedings of various improvement districts in 1934 and subsequent years.

D. The same day Adam Starr and Mary DeClerk filed their motion to strike all of Spikes' deraignment of title. (This is discussed in topic II *infra*.) No formal order appears in the transcript overruling this motion to strike; but we have a clerk's notation that the motion was overruled.

E. Then, to the said pleading of Spikes, Adam Starr and Mary DeClerk also filed their joint answer and pleaded *inter alia*, (1) seven years adverse possession against the original improvement district foreclosure proceedings, and (2) the invalidity of the improvement district foreclosure proceedings for subsequent years.

The cause was tried in the circuit court, without a jury, on March 8, 1943, and resulted in a judgment declaring Spikes to be the owner of the property and awarding him judgment against the defendant, Adam Starr, and the intervener, Mary DeClerk, jointly and severally, for the possession of the property and for $465 for damages and rents. Motion for new trial was duly overruled on the same day and 120 days allowed for filing of bill of exceptions.

The questions raised are now discussed.

I. *The Bill of Exceptions.* The court allowed 120 days for filing the bill of exceptions. The filing date shows it was *121* days after the order. In other words, it was filed one day after the time allowed. Appellants are here met with a motion to strike the bill of exceptions; and this motion must be granted under the authority of *Watson* v. *Watson,* 53 Ark. 415, 14 S. W. 622; *Stinson* v. *Shafer,* 58 Ark. 110, 23 S. W. 651; and *Madison Co.* v. *Maples,* 103 Ark. 44, 145 S. W. 887. The delay of one day is as fatal as one week or one year in so far as compliance with the law is concerned.

But it will be some consolation to the appellants to know that even if the bill of exceptions had been filed in time, it only showed sharply controverted testimony as to how each party obtained possession; and the finding of the court, without a jury, would be binding on the facts. So we would not hold the judgment to be contrary to the evidence, even if the bill of exceptions had been

filed in time. With the bill of exceptions stricken, we consider the assignments of error relating to the record independent of the evidence.

II. *The Pleadings.* Appellants assign as error: "That the court erred in overruling intervener's motion to strike paragraph four and all subsequent parts of plaintiff's reply and cross-complaint to the answer and intervention of Mary DeClerk, over the objections and exceptions of the defendant, Adam Starr, and the intervener, Mary DeClerk." In other words, appellants complain of the court's refusal to grant their motion to strike, as referred to in lettered paragraph D, *supra.*

When §§ 6054, 6056 and 6058 of Pope's Digest are applied to this case (as it stood in the circuit court prior to Mary DeClerk's intervention), they show that the situation then confronting Mary DeClerk was: (1) that while the forcible entry action of *Spikes* v. *Starr* was pending, Mary DeClerk could not institute a forcible entry action against Spikes involving the same property, so she was obliged to intervene in that action if she was interested in the forcible entry case; and (2) that in the forcible entry action the question to be decided was possession as distinguished from title; and (3) that the result of the forcible entry action could not be *res judicata* on her title. But all these were *provided* that even during the forcible entry action Mary DeClerk could institute and prosecute an ejectment action against Spikes, since the last sentence of § 6058 allows the ejectment action to be instituted and prosecuted contemporaneously with the forcible entry action.

We have heretofore in lettered paragraphs "A" to "E," inclusive, in the statement of this case, listed the various pleadings of the parties to this appeal. Starr, in his answer, (see lettered paragraph "A," *supra*) had claimed that Mary DeClerk was the true owner of the property. In lettered paragraph "B," *supra,* Mary DeClerk intervened and not only claimed to have been in actual possession (through a former tenant), but also set up her title to the property. She thus, in effect, (1) intervened in the forcible entry action, and (2) filed a

complaint in ejectment against Spikes, and (3) secured the consolidation of the two actions for trial. Both ejectment and forcible entry are real actions (1 A. J. 340), and, under §§ 1288 and 1289 of Pope's Digest, the court could consolidate them. It was not as though the forcible entry suit were converted into an ejectment suit (*Prioleau* v. *Williams*, 104 Ark. 322, 149 S. W. 101); the causes of action remained separate and distinct. It was as though the ejectment action and the forcible entry action were consolidated for purposes of trial. (*State Life Insurance Company* v. *Goodrum*, 189 Ark. 509, 74 S. W. 2d 230.) The judgment rendered by the circuit court in the case at bar was both an ejectment judgment and a forcible entry judgment.

So when Mary DeClerk deraigned her title she forced Spikes to deraign his title. She and Starr put title in issue. It, therefore, necessarily follows that the circuit court correctly denied the motion to strike. The appellant's assignment on this point is denied.

III. *The Judgment.* The appellants claim that if the action was changed into ejectment, then the circuit court erred in rendering judgment against Starr on the bond that he executed in the forcible entry action. But, as we have previously stated, the forcible entry action was not transformed into an ejectment action—it was consolidated with the ejectment action; and the judgment against Starr on the bond was therefore correct.

Further answer to the appellants contention is found in the bond that Starr filed. It was conditioned: "That if W. E. Spikes shall recover judgment for the possession of said property in said action, then the said Adam Starr shall deliver possession thereof to the said W. E. Spikes and shall satisfy any judgment that may be rendered against him." On the strength of this bond Starr held possession of the property from June, 1940, till March, 1943, a total of 32 months. The plaintiff's original affidavit fixed the rental at $25 a month. The court rendered a judgment against Starr for $465 which is considerably less than the rent on the property would have been. The final judgment of the court was that Starr

had forcibly entered the property, so he was certainly liable for the rent. If Starr had wanted to avoid liability, he should have required his landlord to defend the suit in the first instance, but he made common cause with Mary DeClerk, and thereby took his chances in the litigation and cannot now complain.

Neither can Mary DeClerk complain of the judgment against her. She intervened in the forcible entry action and kept the case in court while she adjudicated her claim for title in the ejectment action, so she must now abide the consequences of unsuccessful litigation.

Finding no error, the judgment of the circuit court is in all things affirmed.