## DORTCH et al. vs. ROBINSON et al.

1. UNLAWFUL DETAINER:
    The act of March 2d, 1875, to establish the law of forcible entry and detainer, is but a re-enactment of Ch. 72 of Gould's Digest, under which it was held by this court[*] that unlawful detainer would not lie on the right of possession merely, but the relation of landlord and tenant, express or implied, must exist between the plaintiff and defendant.

2. ———————: Sheriff's Deed, etc.:
    The sheriff is not authorized to make a deed to land sold under execution, until the expiration of twelve months from the sale, and a deed made less than twelve months from the sale will not entitle the grantor to maintain unlawful detainer for the land. It is by no means clear whether sec. 2709 of Gould's Digest, authorizing purchasers at execution sale to resort to that remedy, was not repealed by the act of March 2d, 1875, regulating the action, or that it applies to sales under proceedings by attachment, or under judgments not in personam.

APPEAL from Phillips Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

Tappan & Hornor and Hughes, for appellant.

Wassell & Moore, contra.

ENGLISH, CH. J.:

In September, 1875, W. P. Dortch and wife, Medora, Laura B. Robinson and Aaron V. Brown brought an action of unlawful detainer, in the Phillips Circuit Court, against Phillip Robinson and others for the possession of certain lands, situate in said county.

The complaint alleges, in substance:

That plaintiffs, on the 18th January, 1868, recovered against Cynthia N. Brown, in said Circuit Court, a judgment, by attachment, for $8,000, for their damages, with interest thereon, etc. That there was attached, in said suit, the following described real estate, etc. (Here follows a description of the lands.)

---

[*]Bradley v. Hume, 18 Ark., 284; Frank et al. v. Hedrick, ib., 304.

Dortch et al. vs. Robinson et al.

That it was afterwards, on the 14th day of the January term, 1875, of said Circuit Court, ordered and adjudged that the sheriff of said county sell said real estate, at the door of the court house, in the city of Helena, upon first giving thirty days' notice of the time, terms and place of sale, as required by law, upon a credit of three and twelve months. That afterwards, on the 2d of March, 1875, there was issued, out of the office of the clerk of said Circuit Court, an order of sale, signed by the clerk, and sealed with the seal of said court, and directed to the sheriff of said county of Phillips, reciting said judgment, and the levy of said attachment on said property, and the condemnation thereof by the judgment and order of said court, to be sold for the payment of said judgment, and commanding said sheriff to sell said real estate, at the door of the court house, in said city of Helena, on the 10th day of May, 1875, upon giving thirty days' notice of the time, terms and place of sale, as required by law, upon a credit of three months. That said sheriff proceeded, on the 10th day of May, 1875, in accordance with said order, after giving due and legal notice of the sale, to sell said lands in front of the court house door, etc., and at such sale the plaintiffs became the purchasers thereof, for the aggregate sum and price of $7,000, they being the highest and best bidders for the same. That said sum was paid by them, and said sale was confirmed by said Circuit Court, at the May term thereof, 1875; and that said sheriff executed to plaintiffs a deed for said lands, which is exhibited, and made part of the complaint. That defendants are in possession of said lands, and hold the same as tenants of said Cynthia N. Brown. That plaintiffs have been lawfully entitled to the possession of said lands since the execution of said deed, and are now lawfully entitled to the possession thereof, and that defendants unlawfully detain the same, after lawful demand therefor made.

Prayer of judgment for the lands, etc., damages, etc.

Upon affidavit, bond, etc., a writ of possession was issued, under which the defendants were dispossessed, by the sheriff, and plaintiffs placed in possession of the lands.

Cynthia N. Brown, on her motion, was made defendant, and demurred to the complaint on the following grounds:

*First*—The complaint shows that, in the determination of this suit, the title in fee simple, as between plaintiffs and defendant, Cynthia N. Brown, must be adjudicated, which cannot be done in an action of unlawful detainer.

*Second*—That unlawful and forcible detainer does not lie, by a purchaser of lands at a sale under attachment, to get possession of said lands from the attachment debtor.

*Third*—That the deed upon which the plaintiffs rely is void, and of no effect.

*Fourth*—That plaintiffs do not allege that they were ever possessed of the premises.

The court sustained the demurrer, and plaintiffs resting, judgment was rendered for defendants, a writ of restitution awarded, damages assessed, etc., and plaintiffs appealed.

The act of March 2d, 1875, entitled "An Act to establish the law of forcible entry and detainer," etc. (Acts of 1874-5, p. 196) which was in force when this suit was commenced, is a literal reenactment of Ch. 72, Gould's Digest, title "Forcible Entry and Detainer." This act expressly repeals Ch. 61, Gantt's Digest, title "Forcible Entry and Detainer," made up of provisions taken from the Civil Code and amendments; and it also repeals all laws and parts of laws inconsistent with the act.

Under the law as it stood in Gould's Digest, Ch. 72, it was decided that an unlawful detainer would not lie on the right of possession merely, but the relation of landlord and tenant, express or implied, must exist between plaintiff and defendant to entitle the former to maintain this form of action against the

Dortch et al. vs. Robinson et al.

latter.  *Bradley* v. *Hume*, 18 Ark., 284; *Frank et al* v. *Hedrick,* ib. 304.

In this case the complaint does not show that appellants were ever in possession of the lands, or that appellees held under them by virtue of any contract, or that the relation of landlord and tenant, in any manner, express or implied, existed between appellants and appellees.

Appellants attempted to maintain unlawful detainer upon a mere alleged right of possession under the sheriff's deed; in other words, to make this form of action answer the purpose and scope of ejectment.

It was well said by Mr. Justice Scott, in *Sumner* v. *Spencer*, 9 Ark., 444, that: "This remedy (forcible entry and detainer), like all of the class which changes possession of property before the defendant has had an opportunity to be heard in a court of justice, is strongly in derogation of common right; and, although its operation will be often beneficent, it will be, perhaps, as often found an instrument of injustice and oppression, and possibly sometimes a means of irreparable mischief, and, according to well settled rules, it must, so far as the plaintiff is concerned, be *kept strictly within the provisions of the statute which creates and qualifies it.*"

In this case, upon an affidavit and bond made and executed in behalf of appellants, the appellees were dispossessed of the lands, on the 24th of September, 1875, during the cropping season, in advance of trial and judgment, the appellant's claiming no other right of possession, than that given them by the sheriff's deed exhibited with their complaint, which may, or may not be valid.

The counsel for appellants insist that they had the right to bring this action under sec. 2709, Gantt's Digest, p. 521, which the digester has made to read as follows: "Sec. 2709.  Upon

the execution of the deed, the grantee, if possession is not delivered within ten days, may proceed by forcible detainer, to be put in possession thereof."

This is a fragment of sec. 697 Civil Code, title "Execution and Redemption," and the whole section is as follows: "Sec. 697. After the time for redemption has expired, the sheriff, or his successor, shall convey by deed the property sold under the provisions of this title to the person entitled thereto. Upon which, such grantee, if possession is not delivered within ten · days, may proceed, by forcible detainer to be put in possession thereof." Civil Code, p. 209.

The digester divided this section of the Code, and of part of it, the first sentence, and of matter taken from the Revised Statutes, he made sec. 2703 of the Digest, title "Execution," and of the remainder of the section, he made, by adding some words, section 2709 of the Digest, same title as above copied·

Bringing the parts of the Code, thus separated by the digester, again into companionship, if the clause relating to forcible detainer is not inconsistent with the act of March 2d, 1875, and repealed by it, and if it does not apply exclusively to sales under executions issued upon judgment *in personam*, and if it applies to sales made under proceedings by attachment, as in this case, which is by no means clear, still, taking this clause in connection with the preceding sentence of the section, that is, looking at the entire section, it does not help the appellant's case; for, by the first sentence of the section, the sheriff is not authorized to make the deed until after the time for redemption has expired, which is twelve months from the sale, Gantt's Digest, sec. 2697. And the complaint avers that the sale was made on the 10th of May, 1875, and the deed made an exhibit to the complaint bears date 31st of May, 1875, and the suit was commenced in September following.

So that in no view, does the complaint show a right of action in the form of remedy adopted by appellants in this case, and the court below did not err in sustaining the demurrer to the complaint.

We are not disposed to go further, and decide whether the deed relied on by appellants is valid, or invalid from premature execution, or otherwise.

That may be done in a form of action where all of the proceedings in the attachment suit, as well as the deed, may properly come before the court, and where the court will be authorized to adjudicate upon the validity of appellant's title, which cannot properly be done in the form of action adopted in this case.

Judgment affirmed.