## NECKLACE V. WEST.

UNLAWFUL DETAINER:   *Action of—Mortgagee can not maintain.*

> The action of unlawful detainer can not be maintained on the mere right of possession, but the relation of landlord and tenant must exist between the plaintiff and def-ndant.  A mortgagee, or purchaser under the mortgage, having only a right of possession, can not maintain the action.

SAME:   *Amendment of action.*

> An action of unlawfu. detainer can not be changed by amendment to ejectment, where the defendant has been dispossessed under the writ.

APPEAL from *Randolph* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Moore*, for appellant.

*Henderson & Caruth*, contra.

ENGLISH, C. J. :

On the 24th of September, 1875, Louis F. Necklace brought an action of unlawful detainer, in the Circuit Court of Randolph county, against David C. West, for possession of a tract of land, together with mill-house, steam engine and boiler, corn-mill, cotton-gin and press, and other machinery, upon and attached to the land described in the complaint.

The complaint alleges, in substance, that plaintiff is the owner and entitled to the possession of the premises, describing them. That defendant unlawfully holds possession, and detains over the premises ; and for ten days past has unlawfully detained over and kept plaintiff out of possession, after lawful demand made.   Prayer for judgment for possession of the premises, and for damages for detention thereof.   The complaint was sworn to, and plaintiff also filed with it an affidavit, stating that he was lawfully entitled to the possession of the premises, describing them, and that defendant unlawfully detained over the same after lawful demand made therefor.

Upon the complaint and affidavit a writ was issued, com-

manding the sheriff to deliver possession of the premises to
the plaintiff, upon his executing a bond, etc., as required by
the statute.

The plaintiff executed a bond, with security, conditioned as
prescribed by the statute, and the sheriff put him in possession
of the premises, and summoned the defendant.

At the return term defendant answered, denying that
plaintiff was entitled to possession of the premises, and that
he unlawfully detained the same, etc., etc.

The case was submitted to a jury at the August term, 1877.

The plaintiff introduced in evidence a mortgage, with power
of sale, executed by defendant, on the 22d day of June, 1874,
to Levi Hecht & Brother, upon the premises described in the
complaint, to secure the payment of a note, $1,381.07, payable
on the 1st of May, 1875, with interest, etc.

The mortgagees were empowered by the mortgagor to sell
the premises on ten days' public notice, upon default of defend-
ant to pay the note secured by the mortgage, at maturity.

Plaintiff also read in evidence a deed executed to him on the
10th of August, 1875, by Levi Hecht & Bro., reciting the
mortgage, the failure of defendant to pay the note at maturity,
notice and sale of the premises under the power contained in
the mortgage, purchase by plaintiff at the sale, and conveying
the premises to him ; defendant admitting the recitals in the
deed to be correct, etc.

Defendant also admitted that he was in possession of the
premises at the time the suit was commenced, and that before
suit plaintiff made a lawful demand upon him, in writing, for
possession of the premises.

The above was all of the evidence introduced on the part of
the plaintiff.

Defendant testified that he was in possession of the premises
in his own right, and did not receive or hold such possession

by virtue of any contract, either express or implied, from plaintiff, or Levi Hecht & Bro., under whom plaintiff claimed possession, by virtue of his purchase at the sale, made pursuant to the power contained in the mortgage.

The parties then introduced conflicting evidence in relation to the value of the rents and profits of the premises, from the time defendant was dispossessed to the time of the trial, which it is not deemed material to state.

The plaintiff moved the following instructions, which the court refused:

"1st. When any person shall wilfully, and with force, hold over any lands, tenements, or other possessions, after the determination of the time for which they were demised or let to him, or shall lawfully and peaceably obtain possession, and by force, or shall fail or refuse to pay the rent therefor, when due, and after demand made, in writing, for the delivery of the possession thereof, by the person having the right to such possession, his agent or attorney, shall refuse to quit such possession, such person shall be guilty of an unlawful detainer.

"2. Actions of unlawful detainer shall extend to and comprehend all estates, whether freehold or less than freehold.

"3. In a deed of conveyance to real estate, the legal possession follows and goes to the grantee or mortgagee, unless otherwise expressly reserved in the conveyance.

"4. If the jury find from the evidence, that the defendant, by a mortgage, conveyed the property in controversy to Levi Hecht & Bro., and that, after default, said Levi Hecht & Bro., after said default, sold the mortgaged premises in pursuance of the terms of said mortgage, and that plaintiff, herein, purchased at said sale, he was entitled to the immediate possession of the mortgaged premises: and the defendant's possession was, afer that time, only permissive, and that he held the

possession of the mortgaged premises as a tenant at will or sufferance.

"5. If the jury find from the evidence, that defendant held the possession of the premises in controversy, as a tenant of the plaintiff, and unlawfully withheld the possession of the same after lawful demand made by the plaintiff therefor, before commencement of this suit, and that plaintiff was entitled to possession thereof, they will find for the plaintiff.

"6. Where no damages are proved in an action of this kind, the jury may find merely nominal damages."

Against the objection of plaintiff the court instructed the jury as follows:

"Before the jury can find for the plaintiff, they must find from the weight of the evidence that the defendant was put in possession of the premises in question under a contract, express or implied, to return possession at some future time, and that defendant held the same over after the expiration of said time, after lawful demand in writing, of defendant by plaintiff, for possession. If such be not proved, they will find for the defendant.

"If you find from the evidence that there was no contract between plaintiff and defendant, either expressed or implied, by which the relation of landlord and tenant can be established, then you will find for the defendant, and assess his damages at such sum as you may believe, from the evidence, he is entitled to.

"The jury are instructed that the conveyance of the property described in the complaint by the mortgage to Levi Hecht & Bro., and a sale by virtue of a power contained in said mortgage to the plaintiff Necklace, with demand made by plaintiff of the defendant for possession, is not alone sufficient to enable the plaintiff to maintain this form of action; but they must further find that the defendant received the possession

from either the plaintiff Necklace or Levi Hecht & Bro., under a contract by which he was bound to restore said possession under said contract, or you will find for the defendant, and assess his damages at such sum as you may find him entitled to from the evidence.

"If the jury find for the defendant, they will assess his damages at the yearly rental value of the premises taken by the writ in this action, from the time the defendant was put out of possession up to this date."

The jury returned a verdict in favor of defendant, and assessed his damages at $906.66.

Plaintiff moved for a new trial, and in arrest of judgment.

The court overruled the motion for a new trial upon defendant entering a remitter for all the damages assessed in his favor by the jury in excess of $400. Also, overruled the motion in arrest, and rendered judgment in favor of defendant for $400 damages, and for restitution of the property; and plaintiff took a bill of exceptions and appealed to this court.

The complaint, affidavit, writ, bond, seizure of the premises by the sheriff, the turning of defendant out, and putting of plaintiff into possession of the property before trial, the answer, instructions of the court, verdict and judgment, all show that the suit was an action of unlawful detainer under the act of March 2d, 1875, (Acts of 1875, p. 196,) to establish the law of forcible entry and detainer, and not an action of ejectment.

In *Dortch et al* v. *Robinson et al.*, 31 Ark., 298, this court held that under this act, which was a literal re-enactment of *Chapter 72 of Gould's Digest*, an action of unlawful detainer would not lie on the right of possession merely, but the relation of landlord and tenant, express or implied, must exist between plaintiff and defendant to entitle the former to maintain this form of action against the latter.

There is no evidence in the case that the relation of landlord

Necklace vs. West.

and tenant, express or implied, ever existed between plaintiff and defendant.

Defendant mortgaged the land to Levi Hecht & Bro., with power to sell on his failure to pay the note secured by the mortgage at its maturity; he made default and they sold the land and fixtures under the power, and they were purchased at the sale by plaintiff, who received a deed therefor, and on refusal of defendant to surrender possession on demand, plaintiff brought this suit. He, upon the facts disclosed, was entitled to possession of the premises, but he should have brought ejectment instead of unlawful detainer.

Counsel for appellant submits that the complaint contains all the material allegations requisite in a complaint in ejectment, and that under the code practice he ought not to fail in the suit because of a mistake in the proper form of action.

This may be true as a general rule, but it would be an unjust application of the rule to allow a plaintiff to bring the statutory action of unlawful detainer, deprive defendant of possession of the premises in advance of a trial, fail upon a trial to prove his right to maintain the action, and then avoid the consequences of the mistake, and defeat the defendants claim to damages under the statute for having been wrongfully dispossessed in a summary mode, by taking judgment in ejectment.

That the statute did not intend to substitute unlawful detainer for ejectment, is manifest from its provisions that a judgment in the former action shall be no bar to the latter, and that ejectment may be brought during the pendency of unlawful detainer. Secs. 21, 23.

The court did not err in refusing the instructions asked by appellant, nor in giving the contrary instructions, upon the facts disclosed in evidence; and the motion for a new trial was properly overruled.

There was no ground for arrest of judgment.

The appellant having failed to prove his right to maintain this form of action, the statute authorizes the jury to assess appellee's damages for being dispossessed under the writ, and he was entitled to judgment for the damages, and for restitution of the premises.    Sec. 17.

Affirmed.