## HALL v. TRUCKS.

1. FORCIBLE ENTRY AND DETAINER:  *What necessary to maintain the action.*

The *Act of March* 2, 1875, is a re-enactment of chapter 72, title, "Forcible Entry and Detainer," of *Gould's Digest*, and the action of forcible entry and detainer can be maintained only in a case of a forcible entry, or a turning out by force, or where the plaintiff has parted with the possession under some contract or agreement, express or implied, that the possession shall be restored to him.  It is not intended to take the place of the action of ejectment, but to restore possession forcibly or unlawfully detained, without regard to the ownership or title to the property.  Force is the gist of the action, and must be actual and hostile.  Implied force, as where the entry is peaceable, but unlawful, is not sufficient.

APPEAL from *Dorsey* Circuit Court.
Hon. T. F. SORRELLS, Circuit Judge.
32—38

Hall v. Trucks.

STATEMENT.

Trucks sued Hall in an action of forcible entry and detainer for a tract of land in Dorsey county, alleging that he was the owner, and entitled to the immediate possession of it, and that Hall, on the —— day of ———, 1878, "did forcibly enter upon it, and now unlawfully detains and withholds the same from his possession." Hall answered, claiming title in himself, and denying that he forcibly entered upon the land, or unlawfully detained it. The proof showed that Trucks was the owner of the tract, and Hall owned the tract immediately west of it; that a former county surveyor had run and marked the line between the two tracts, as he supposed, but in fact, had put the line on Truck's land. Hall, supposing this to be the true line between the tracts, built his house on the land, about thirty yards east of the surveyor's line, believing the building was on his own land. When the house was nearly completed, Trucks had the line re-surveyed by the field notes, and developed the mistake. He then notified Hall, in writing, to get off of it, which he refused to do, and this action was then brought.

Against the objections of the defendant the court gave for the plaintiff the following instructions to the jury:

1.  "If the jury believe that the defendant lawfully and peaceably obtained possession of the land in question, and refused to surrender it to the plaintiff, after demand therefor in writing, and that plaintiff was entitled to the possession of said land at the commencement of this suit, they may find for the plaintiff."

3.  "It is not necessary to show that the defendant entered by actual force. If the entry was unlawful, force is implied. A peaceable entry may be unlawful, and in legal contemplation unlawful."

Hall v. Trucks.

The verdict and judgment were for the plaintiff. The defendant filed his motion for a new trial; which, being overruled, he filed his bill of exceptions and appealed.

*D. H. Rousseau,* for appellant:

The *Act of March* 2, 1875, is a literal re-enactment of *Ch.* 72 *Gould's Dig.* The proof fails to show a forcible entry, or that Hall used force or violence in holding possession. Plaintiff failed to show that he ever was in actual possession, or that the relation of landlord and tenant existed. The verdict was not only contrary to law, but without a particle of evidence to support it. *McGuire* v. *Cook,* 13 *Ark.,* 449; *Bradley* v. *Hume,* 18 *Ib.,* 284; *Smith* v. *Lafferty,* 27 *Ib.,* 46; *Dortch* v. *Robinson,* 31 *Ib.,* 297.

*F. W. Compton,* also for appellant:

HARRISON, J. The *Act of March* 2, 1875, under which this action was brought, is, as was remarked in *Dortch et al* v. *Robinson et al,* 31 *Ark.,* 296, a re-enactment of *Chapter* 72 —title, "Forcible Entry and Detainer"—*of Gould's Digest;* and it was decided in *McGuire* v. *Cook,* 13 *Ark.,* 448, that the remedy provided by it is not intended to take the place of the action of ejectment, but its object is to restore possession forcibly taken or unlawfully detained, without regard to the ownership or title to the property. It can only be resorted to in the case of a forcible entry, or a turning out by force, or when the plaintiff parted with the possession under some contract or agreement, express or implied, that the possession should be restored to him.

Force is the gist of the action for a forcible entry and detainer; but implied force, as when the defendant entered

peaceably, though unlawfully, is not sufficient; it must be, actual and hostile.    *McGuire* v. *Cook*, (*supra.*)

The second section of the act is as follows:

"SEC. 2.    If any person shall enter into or upon any lands, tenements, or other possessions, and detain or hold the same with force and strong hand, or with weapons, or by breaking open the doors and windows, or other parts of the house, whether any person be in or not, or by threatening to kill, maim or beat the party in possession, or by such words and actions as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors or carrying away the goods of the party in possession, or by entering peaceably and then turning out by force, or frightening, by threats or other circumstances of terror, the party to yield possession ; in such case every person so offending shall be deemed guilty of a forcible entry and detainer within the meaning of this act."

The first and third instructions given for the plaintiff were erroneous, and as there was no proof that the defendant entered into and held possession of the premises with force and strong hand, the verdict was not supported by the evidence ; and the motion for a new trial ought to have been granted.

The judgment is reversed, and the cause remanded.