GRAMMER *v.* BLANSETT.

Opinion delivered January 24, 1910.

FORCIBLE ENTRY AND DETAINER—OBJECT OF REMEDY.—Forcible entry and detainer is a remedy for protection of the actual possession of realty, whether rightful or wrongful, against forcible invasion, its object being to prevent disturbances of the public peace and to forbid any person from righting himself by his own hand and by violence.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Rice & Dickson* and *J. A. Rice,* for appellant.

In this kind of action neither the title nor the right to possession is in controversy. 79 S. W. 988. It is purely a tort, and can only be resorted to to protect actual possession; and the plaintiff's possession must be actual, and the defendant's entry and subsequent holding must be forcible. 41 Ark. 535. Force is the gist of the action, and it must be actual and hostile. 38 Ark. 257. See also 69 Ark. 34; 49 Cal. 74; 19 Cyc. 1132. Acts which constitute a mere trespass will not support the action. To render an entry forcible, it must be attended either by actual violence or by circumstances calculated to excite terror in a reasonable person. 27 Ark. 46; 13 Ark. 448; 63 S. W. 53; 91 Am. Dec. 989. To support the action, plaintiff must show, not only that he was in actual possession of the land, but also that such possession was peaceable at the time of the alleged forcible entry. 18 Ark. 304; *Id.* 284; 64 S. W. 673; 9 S. W, 290; 11 S. W. 257; 19 S. W. 432; 54 S. W. 818; 46 N. E. 287; 35 N. E. 587; 19 Cyc. 1128-9.

*E. P. Watson* and *McGill & Lindsey,* for appellee.

1. Appellee was in actual possession of the land at the time of the forcible entry. Part of it had been cleared and fenced by him, and he was preparing it for cultivation. The clerk's deed

to E. S. Grammer was void for uncertainty of description, and did not convey color of title within the meaning of § 3629, Kirby's Digest. 56 Ark. 172; 59 Ark. 460; 64 Ark. 433; 69 Ark. 357; 77 Ark. 570; 83 Ark. 196. Since this deed did not constitute color of title, possession of a small part of the land by a tenant at will gave him possession of only such part as was in actual possession of the tenant. On the other hand, appellee's possession of a part of the land under color of title gave him possession of the whole tract except that portion actually in possession of appellant's tenant at will. 19 Cyc. 1129. Appellant having entered upon the land thus in the actual exclusive possession of appellee and without right or claim of title, he was guilty of forcible entry and detainer. Kirby's Dig. § 3629; 69 Ark. 39.

2. The facts here do not sustain appellant's contention that this was a "scrambling" possession. On the contrary, appellee was in the open, notorious and continuous possession of the land until he was driven away by the acts and conduct of appellant. Moreover, actual *residence* upon the land was not required. Clearing and fencing a part of it was sufficient. 13 Am. & Eng. Enc. of L. 749, 750; 19 Cyc. 1129-1130. It is true that this court has repeatedly held that force is the gist of the action. The question of intimidation, and of the amount and kind of force required, however, does not appear to have been presented in the cases relied on by appellant. Clearly, the acts, language and conduct of appellant in this case were sufficient to cause appellee, as a reasonable man, to believe that appellant intended to take possession of the land by force, and, such acts also tending to cause a breach of the peace, appellant's entry must be deemed forcible. 13 Am. & Eng. Enc. of L. 762; 19 Cyc. 1116, 1134-6 and notes; 123 N. C. 740; 119 U. S. 608.

BATTLE, J. This is an action of forcible entry and detainer, which was instituted by John H. Blansett against John C. Grammer in the Benton Circuit Court to recover possession of certain land. Plaintiff alleges substantially as follows: On the 12th day of January, 1909, he leased from Clementine Boles a certain tract of land, and immediately took possession of it, and thereafter fenced with a substantial fence fifteen acres thereof, and was clearing the same preparatory to cultivating crops thereon for the year 1909, and was in the open, actual and ex-

clusive possession of the fifteen acres and in constructive posses-
sion of the remainder by lease, when the defendant, John Gram-
mer, forcibly took possession thereof by threatening to beat him
if he did not deliver it to him, and by abusive language and by
entering upon the land and tearing down plaintiff's fences, all
of which was done by force consisting of the defendant and four
or five other men, who by their numbers and threats intimidated
and drove him from the possession, and built a fence around the
land, and defendant has since retained possession by force, and
damaged plaintiff in the sum of $250. Plaintiff asked for judg-
ment for possession of the land, and for damages.

The defendant answered, and denied the allegations in the
complaint, and pleaded that E. S. Grammer was the owner of
the land.

The jury in the case, after hearing the evidence adduced by
the parties and the instructions of the court, returned a verdict
in favor of the plaintiff for the land and twenty dollars damages.
Judgment was rendered accordingly, and the defendant appealed.

Plaintiff read as evidence in the trial a deed executed by the
Commissioner of State Lands of the State of Arkansas, by which
the land was conveyed to E. P. Watson, and in which it was
shown that the land was sold (under a decree of the Benton
Chancery Court in accordance with an act entitled "An act to
enforce the payment of overdue taxes," approved March 12, 1881.
and an act, approved March 22, 1881, entitled "An act to amend
section 1 of an act entitled 'An act to enforce the payment of
overdue taxes,' approved March 12, 1881") to the State of
Arkansas; and read as evidence the deed of E. P. Watson con-
veying the land to Clementine Boles, and her lease of the land
to plaintiff.

The evidence which supported the verdict of the jury tended
to prove the following facts: About the 10th day of February,
1909, plaintiff took possession of the land under his lease, and
cleared and fenced a part of it, and while he was doing so the de-
fendant put up notices on the land stating that the land belonged
to E. S. Grammer, and that all trespassers would be arrested
and prosecuted. He came upon the land when plaintiff was at
work fencing, and asked him what he was going to do about it.
Plaintiff told him that he thought his lease was good, and he was
going to hold the land and go ahead. Defendant appeared to be

angry, and said that any man who would come between a neighbor and a stranger was a cur, or no better than a cur pup, or words to that effect, and said he intended to have plaintiff arrested. As he started away, he repeated that a man who would come between a neighbor and a stranger was no better than a cur dog. Shortly after that, while plaintiff was still clearing the land, the defendant and four or five other men entered upon the land and tore down plaintiff's fence, and inclosed it with a fence of his own. The plaintiff, believing that it was dangerous for him to remain and continue his work, went away, and brought this action. The fence constructed by plaintiff on the land and destroyed by the defendant was worth $20.

The defendant offered the deed of E. S. Grammer as evidence for the purpose of showing that the land belonged to him; but, the deed being void on account of the defective description of the land in the deed, the court refused to allow it to be read.

The defendant does not attack the instructions of the court on this appeal, but we copy one in this opinion to show how the facts were submitted to the jury. The court instructed the jury in part as follows:

"If you find from a preponderance of the evidence that plaintiff was in the actual possession of the land described in the complaint, and that the defendant entered upon said land, and by the use of threats and by removing the plaintiff's fence, or by such other words and actions as had a natural tendency to excite fear or apprehension of danger on the part of the plaintiff and to induce him to yield possession of said land, and that by the use of such means defendant did induce the plaintiff to yield up to him such possession, the defendant would be guilty of a forcible entry and detainer, and you will find for the plaintiff. It would not be necessary, to constitute such forcible entry and detainer, that the defendant should actually use force against the person of the plaintiff."

The statutes of this State provide: "If any person shall enter into or upon any lands, tenements or other possessions, and detain or hold the same without right or claim of title, * * * or by such words and actions as have a natural tendency to excite fear or apprehension of danger, * * * or frightening by threats or other circumstances of terror the party to yield

possession, in such cases every person so offending shall be deemed guilty of a forcible entry and detainer, within the meaning of this act." Kirby's Digest, § 3629.

"Generally speaking, forcible entry and detainer is a remedy for the protection of the actual possession of realty, whether rightful or wrongful, against forcible invasion, its object being to prevent disturbances of the public peace and to forbid any person righting himself by his own hand and by violence; and therefore ordinarily the only matters involved are the possession of plaintiff and the use of force by defendant." *McGuire* v. *Cook,* 13 Ark. 448; *Hall* v. *Trucks,* 38 Ark. 257; *Littell* v. *Grady,* 38 Ark. 584; *Anderson* v. *Mills,* 40 Ark. 192; 19 Cyc. 1124, and cases cited.

In *Iron Mountain & Helena Railroad Company* v. *Johnson,* 119 U. S. 608, it is said:

"The general purpose of these statutes is that, not regarding the actual condition of the title to the property, where any person is in the peaceable and quiet possession of it, he shall not be turned out by strong hand, by force, by violence, or by terror. The party so using force and acquiring possession may have the superior title, or may have the better right to the present possession, but the policy of the law in this class of cases is to prevent disturbances of the public peace, to forbid any person righting himself in case of that kind by his own hand and by violence, and to require that the party who has in this manner obtained possession shall restore it to the party from whom it has been so obtained," etc.

And again: "If the law was otherwise, force, the exhibition and use of deadly weapons and threats of personal violence would speedily take the place of lawful and peaceable methods of gaining the possession of property."

The statutes of this State provide in actions like this "the title to the premises in question shall not be adjudicated upon or given in evidence, except to show the right to the possession and the extent thereof." Kirby's Digest, § 3648.

In this case the evidence shows that plaintiff was in the actual possession of the land in controversy, fencing and clearing the same, and at least *prima facie* entitled to the possession. While doing so, the defendant approached him in anger, and in effect

called him a cur. He posted upon the land notices against tres-
passers and threats of arrest; and then, calling to his assist-
ance four or five other men, forcibly took possession of the land
by tearing down plaintiff's fence and inclosing the same with a
fence of his own. Under the most provoking circumstances he
left to him the choice of two evils—to engage in an unequal
combat to maintain his possession or yield possession under neces-
sity and bring this action—the course prescribed by law in such
cases. The evidence sustained the verdict.

Judgment affirmed.