## MILLER *v.* PLUMMER.

### Opinion delivered December 23, 1912.

1. FORCIBLE ENTRY AND DETAINER—GIST OF ACTION.—Under Kirby's Digest, § 3629, providing that if any person shall enter into or upon any lands, tenements or other possessions and detain or hold the same

without right or claim of title, or who shall enter by breaking open the doors and windows or other parts of the house whether any person be in or not, or by threatening to kill, maim or beat the party in possession, or by such words and actions as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors or carrying away the goods of the party in possession, or by entering peaceably and then turning out by force, or frightening by threats or other circumstances of terror, the party to yield possession  *  *  *  shall be deemed guilty of a forcible entry and detainer," *held*, that actual force is the gist of the action, and in the absence of it the action can not be maintained. (Page 634.)

2. SAME—WHEN UNLAWFUL DETAINER LIES.—An action of unlawful detainer, under Kirby's Digest, § 3630, can be maintained only where the relation of landlord and tenant subsists, or at least where the possession has been obtained by defendant with plaintiff's consent. (Page 635.)

3. SAME—TITLE NOT INVOLVED.—In neither forcible entry nor unlawful detainer can the title to land be called in question, further than to show the right of possession and the extent thereof. (Page 637.)

4. SAME—DEFENSE.—While one can not, in an action of forcible entry or unlawful detainer, by proof of ownership, defend possession of land taken by actual force or justify refusal to restore possession taken by permission of another, yet where possession is obtained peaceably, it may be defended by proof of actual ownership. (Page 637.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; reversed.

*W. P. Strait,* for appellant.

The object of the statute under which this action is brought, Kirby's Dig., § 3629, is solely to restore possession forcibly taken and detained. Force is the gist of the action. 38 Ark. 257; 13 Ark. 448. An instruction which ignores actual force in making the entry is reversible error. 69 Ark. 34; 41 Ark. 535.

Before plaintiffs are entitled to maintain the action, they must show that either the original taking or subsequent holding was with force and strong hand. The force must be actual, and is not implied from the wrongful taking. 27 Ark. 46; 38 Ark. 257; 41 Ark. 535, and cases cited; 93 Ark. 421; 119 U. S. 608.

*Sellers & Sellers,* for appellees.

Appellant's argument and authorities cited may be applicable under the statute under which he assumes the action is brought; but appellees do not rely upon that statute. This

action is brought under Kirby's Digest, § 3630. Actual force is not necessary to entitle plaintiffs to their remedy. 24 Ark. 575; 66 Ark. 145, 148.

McCULLOCH, C. J. This is an action of forcible entry and detainer instituted by appellees against appellant to recover possession of a strip of land about eighty feet wide, alleged to be a part of a certain twenty acre tract owned by appellees, and which it is alleged appellant, "without right, forcibly and unlawfully entered upon and took charge of, * * * and still continues to forcibly and wrongfully hold possession thereof after due and legal demand thereof."

Appellants answered, denying that appellees were the owners of the strip of land in controversy, but alleged that the strip formed a part of an adjoining tract owned by appellant; and also denied that she had unlawfully entered upon said tract with force or had held the same wrongfully or with force.

The trial of the case before a jury resulted in a verdict and judgment in favor of appellees for the possession of the tract of land in controversy.

Appellant and appellees were the owners of adjoining tracts of land, that owned by appellant containing eighty acres, and that owned by appellees containing twenty acres. Both tracts were occupied as farm lands, though there were no houses on either tract, nor any fences, as they were within the limits of a fencing district. The lands had been in cultivation for many years, and the strip in controversy lies along the line between the two tracts. Both parties claim title to the strip by reason of a dispute as to the correct survey. Originally, appellant had possession of this strip, and it was conceded to be within the limits of her boundary; but it seems that some years ago appellees caused the land to be resurveyed by the county surveyer, who made a change in the boundary which placed this strip in controversy. Either the surveyor, or appellees themselves, or some one for them, moved the stone markers and placed them on the line as corrected by the surveyor, and thereafter appellees claimed the land and asserted that they have been continuously in possession since that time. Appellant testified that she knew nothing about the re-survey and had no notice of the change in the possession, supposing that the tenant who rented from both parties was still paying

her rent on the land. During the summer before the commencement of this action she received information of appellees' claim of title and possession. Early in the spring of 1912, after appellees, through their servants or agents, had made some preparation toward the cultivation of the land by knocking the stalks, appellant, through her servants, went upon the land in controversy and took possession and began plowing the land preparatory to planting it. During the time that appellant's servants were plowing the land, some of the appellees come to the place and made objection to further acts of possession. There is a controversy in the testimony as to whether there was any show of threats and force. One of the appellee testified that he went there while appellant's agents were plowing the land and protested against it, and that appellant's brother, who was there, replied that "if he didn't cultivate it, no d............ man would." The witnesses for appellant who were present at the time testified that no such conversation occurred, and that there was no force or threats of any kind used; in other words, that the possession was taken and held in an entirely peaceable manner.

The court gave the following instruction over appellant's objection, which is assigned as error.

"If you believe from the evidence that plaintiffs were in the peaceable possession of the premises sued for, and that while they were so in possession defendants entered upon such possession without the consent and against the will of the plaintiffs, and still holds such possession, you will find for the plaintiffs."

The court also gave the following instruction, which is assigned as error:

"It is not necessary to maintain this cause that the defendant should actually use force against the person of the plaintiffs or either of them."

The court also refused the following instructions requested by appellant:

"1. Constructive possession or evidence that plaintiffs are entitled to possession is not enough to justify a recovery by them in this suit. It must appear that the taking of possession or the subsequent holding was with force and strong hand. This force must be actual and not implied."

"2. If you believe from the evidence that the defendant took and held possession peaceably, though unlawfully, claiming to be the owner of the land, then the plaintiff can not recover in this suit."

"4. You are instructed that if you believe, from the evidence in this case, Mrs. Miller took peaceable possession of the land and not by force or violence, and that she thereafter held it, claiming to be the owner of the land, then the plaintiff can not recover in this action."

It will be observed from the language of the complaint that the action was brought under Kirby's Digest, § 3629, which provides that "if any person shall enter into or upon any lands, tenements or other possessions and detain or hold the same without right or claim of title, or who shall enter by breaking open the doors and windows or other parts of the house, whether any person be in or not, or by threatening to kill, maim or beat the party in possession, or by such words and actions as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors or carrying away the goods of the party in possession, or by entering peaceably and then turning out by force, or frightening by threats or other circumstances of terror, the party to yield possession, * * * shall be deemed guilty of a forcible entry and detainer."

It has been uniformly held in all the decisions of this court that actual force is the gist of the action under this section, and in the absence of it the action can not be maintained. *McGuire* v. *Cook*, 13 Ark. 448; *Dortch* v. *Robinson*, 31 Ark. 296; *Hall* v. *Trucks*, 38 Ark. 257; *Littell* v. *Grady*, 38 Ark. 587; *Johnson* v. *West*, 41 Ark. 535; *Towell* v. *Etter*, 69 Ark. 34.

Counsel for appellees seek now to sustain the judgment under the italicised clause of Kirby's Digest, § 3630, as follows:

"Every person who shall wilfully and without right hold over any lands, tenements or possessions after the determination of the time for which they were demised, or let to him or the person under whom he claims, *or who shall peaceably and lawfully obtain possession of any such and shall hold the same wilfully and unlawfully after demand made in writing,* * * * shall be deemed guilty of an unlawful detainer."

It has been held in may cases that the action of unlawful

detainer can only be maintained where the relation of landlord and tenant subsists, or at least where the possession has been obtained by the defendant permissibly, that is to say with the consent of the party who seeks to maintain the action. *Bradley* v. *Hume,* 18 Ark. 284; *Dortch* v. *Robinson, supra*; *Necklace* v. *West,* 33 Ark. 682; *Mason* v. *Delancy,* 44 Ark. 444; *Towell* v. *Etter, supra*; *Prioleau* v. *Williams,* 104 Ark. 322.

Some changes have been made in our statutes on this subject since they were originally enacted at an early day, but, so far as they affect the question now before us, the statutes remain without substantial change.

In *Dortch* v. *Robinson, supra,* Chief Justice ENGLISH, speaking for the court, said:

"Under the law as it stood in Gould's Digest, ch. 72, it was decided that an unlawful detainer would not lie on the right of possession merely, but the relation of landlord and tenant, express or implied, must exist between plaintiff and defendant to entitle the former to maintain this form of action against the latter."

In *Hall* v. *Trucks, supra,* speaking of the two forms of action provided by this statute, the court said:

"It can only be resorted to in the case of a forcible entry, or a turning out by force, or when the plaintiff parted with the possession under some contract or agreement, express or implied, that the possession should be restored to him. Force is the gist of the action for a forcible entry and detainer; but implied force as when the defendant entered peaceably, though unlawfully, is not sufficient; it must be actual and hostile."

In *Johnson* v. *West, supra.* Mr. Justice SMITH, speaking for the court, said:

"Unlawful detainer is a remedy provided by statute for the benefit of landlords against tenants who hold over after the expiration of their terms. It is founded on the breach of a contract, implied by law. if not expressed, that the tenant shall restore a permissive possession to the hands from which it was received. * * * But a forcible entry and detainer is a tort, pure and simple. Force is the gist of the action. It is a remedy designed to protect the actual possession whether rightful or wrongful. It must accordingly be shown that the defendant did enter without the consent of the person having

the possession in fact of the premises; and that such original entry or subsequent holding of possession was with force and strong hand. Constructive possession or evidence that the plaintiff is entitled to possession is not sufficient. And implied force, as when the defendant enters peaceably, though unlawfully, is not sufficient."

In *Towell* v. *Etter, supra,* the court, referring to the decision in *Winn* v. *State,* 55 Ark. 360, where it was said that "a landlord, entitled to re-enter for condition broken, who took possession peaceably in the absence of his tenant from the premises, * * * has the right to protect his possession by force, if necessary," said:

"This is to the effect that one having title and right to possession may get possession peaceably and defend his possession by force, if necessary, and if he does so he will not be guilty of forcible entry and detainer."

In *Prioleau* v. *Williams, supra,* in speaking of the action of unlawful detainer, we said:

"The right of action is based upon a contract, either expressed or implied, whereby the relation of landlord and tenant arises and exists between the parties."

Appellees rely entirely upon the case of *Keller* v. *Henry,* 24 Ark. 575, holding that that part of the section of the statute giving the remedy of unlawful detainer, which at that time read: "or shall lawfully and peaceably obtain possession, but shall hold the same unlawfully and by force," etc., authorized the action of unlawful detainer where possession was obtained without any contract, either express or implied, or without the permission of the owner.

The court there held that the word "lawfully" is used in the statute synonymously with the word "peaceably" and meant any possession obtained without actual force, even without the consent of the owner. The reasoning of the case is that any other construction of that part of the statute would render the clause useless and superfluous. It might have been said with equal force that that construction renders the preceding clause of the section superfluous, for the reason that if a peaceable entry without the consent of the owner, either express or implied, will support the action of unlawful detainer, then it was entirely unnecessary to insert the pro-

vision giving the remedy against one who holds the premises "after the determination of the time for which they were demised or let to him." In other words, if the last clause is to be construed as broadly as the court did in the case referred to, then it included the preceding clause and rendered the latter superfluous. The doctrine in that case has never been referred to in any subsequent decision of this court, though all of the cases we have herein cited are entirely inconsistent with that rule. The decision on that point has never, so far as we can discover, been referred to in any other decision. There is no escape from the conclusion that the doctrine of the later decisions of this court, holding that the action of unlawful detainer can only be maintained where the possession obtained was permissive, is inconsistent with the ruling in *Keller* v. *Henry,* and to that extent overrules it. We now adhere to the doctrine of those cases, rather than to that announced in *Keller* v. *Henry,* and the latter case is expressly overruled.

In neither of the actions prescribed by the statute can the title to the land be called in question further than to "show the right of possession and the extent thereof." Kirby's Digest, § 3648. One of the forms of action, of which force is the gist, is created to protect the actual possession of the occupant; and the other is to compel restoration of a permissive possession after the period for which possession is yielded has terminated. It would not do to say that one claiming to be the owner of land could not peaceably take possession of it, and then defend his possession by showing that he was, in fact, the owner. One can not, by proof of ownership, defend possession taken by actual force, or justify refusal to restore possession taken by permission of another; but where the possession is obtained peaceably, it may be defended by proof of actual ownership. *Towell* v. *Etter, supra.*

The ruling of the trial court in this case put appellant in the attitude of having obtained possession peaceably, and yet denied her the right to defend that possession by showing that she was in fact the owner. At least, the instructions given permitted the jury to find against her for the possession of the controverted strip of land, even though she acquired possession peaceably and under a just claim of ownership. Such was not the design of the statute.

On account of the error of the court in giving the two instructions hereinbefore quoted, and in refusing those requested by appellant, the judgment is reversed and the cause remanded for a new trial.