WHITE RIVER LAND & TIMBER COMPANY *v.* HAWKINS.

Opinion delivered April 2, 1917.

1.   UNLAWFUL DETAINER—RELATION BETWEEN PARTIES.—The relation of landlord and tenant must subsist between the plaintiff and defendant in order to support the action of unlawful detainer, the mere right of possession being insufficient to support the action.

2.   UNLAWFUL DETAINER—DAMAGES.—In an action for unlawful detainer, in the absence of a statutory provision expressly authorizing it, damages cannot be recovered by either party.

3.   UNLAWFUL DETAINER—DAMAGES.—Under the statutes, defendant, in an action for unlawful detainer, where his occupancy is without right, can not recover damages from the true owner. It is only where defendant disputes the right of possession that he can introduce before the jury evidence showing that he has sustained damages by being dispossessed.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson*, Judge; reversed in part; affirmed in part.

*J. F. Summers*, for appellant.

1.   It was error to instruct a verdict for appellee, and to find the value of the rents.   The right to the land is conceded, and no rents were recoverable.   Kirby's Di-

gest, § 3646. Plaintiff was the owner of the land, and defendant was not entitled to recover rents. The judgment should be reversed. The court erred in its instructions to the jury and in its rulings as to the questions and answers of witnesses.

*E. M. CaflLee* and *F. E. Wilson,* for appellee.

1. In an action of unlawful detainer, it is necessary to establish the relationship of landlord and tenant. 105 Ark. 635; 104 *Id.* 322; 44 *Id.* 444; 33 *Id.* 682; 31 *Id.* 296; 18 *Id.* 284.

2. The instructions as to the measure of damages embody the law.

McCULLOCH, C. J. This is an action under the statute for unlawful detainer of land. Possession was delivered under the writ to the plaintiff at the commencement of the action. The facts are undisputed, so far as they relate to plaintiff's right to recover possession of the land, and the court gave a peremptory instruction in favor of the defendant on that issue, but submitted to the jury the question as to the rental value of the land during the pendency of the action. The jury returned a verdict in favor of the defendant, and assessed damages in the sum of $120, and judgment was rendered on the verdict in defendant's favor, from which plaintiff has prosecuted this appeal.

(1) Defendant Hawkins was originally the owner of the land and executed a deed of trust to one Stacy, as trustee, to secure a debt due to T. D. Wilkes. The deed was foreclosed under the power therein contained, and Wilkes purchased the land at the sale and conveyed it to the plaintiff. It is alleged in the complaint that the defendant occupied the land as tenant of plaintiff, and had refused to deliver possession thereof. Plaintiff attempted to prove at the trial that defendant attorned to it as landlord after the purchase from Wilkes, but the effort to make such proof was a failure, and the court gave the peremptory instruction to the jury on the theory

that there was no proof that the relation of landlord and tenant subsisted between the plaintiff and defendant. The instruction was correct, for it is well settled that the relation of landlord and tenant must subsist between the plaintiff and defendant in order to support the action of unlawful detainer, the mere right of possession being insufficient to support the action. *Dortch* v. *Robinson,* 31 Ark. 298; *Necklace* v. *West,* 33 Ark. 682.

(2)   There is, however, no dispute about the plaintiff's right of possession, and the question arises whether, under those circumstances, defendant is entitled to judgment over, for the amount of the rents of the premises accruing during the pendency of the action. The form of the action is purely statutory, and the right to recover damages, either by the plaintiff or defendant depends upon the language of the statute which creates the remedy. In the absence of a statutory provision expressly authorizing it, damages can not be recovered by either party. 19 Cyc., p. 1169.

The statute provides that in actions of forcible entry and unlawful detainer "where the defendant disputes the plaintiff's right of possession, it shall be lawful for such defendant to introduce before the jury trying the main issue in such action evidence showing the damage he may have sustained in being dispossessed of the lands and premises mentioned in the writ and declaration in the cause, and the jury, if they find the issue for the defendant, shall at the same time find what damage the defendant has sustained by being dispossessed under the provisons of this act." Kirby's Digest, section 3646.

(3)   According to the undisputed evidence in this cause the defendant was not entitled to the possession of the land in controversy, and the failure of the defendant to recover possession was due entirely to the form of action in which he sought relief. Plaintiff was the owner of the land under his purchase from Wilkes, who held title by purchase under the mortgage executed by the defendant. Under those circum-

stances, the defendant's occupancy being without right, he is not entitled to recover damages from the true owner. The statute does not authorize it, for it is only where the defendant disputes the right of possession that he can introduce before the jury evidence showing damages he has sustained by reason of being dispossessed. The judgment in defendant's favor should, therefore, have only been for the restitution of possession of the property and for recovery of the cost of the action. To that extent only will the judgment be affirmed, and the judgment for recovery of damages will be reversed. It is so ordered.