WILLIAMS *v.* PETTY.

## Opinion delivered April 20, 1925.

1. FORCIBLE ENTRY AND DETAINER—WHEN UNLAWFUL DETAINER LIES.
   —The action of unlawful detainer will not lie on the right
   of possession merely, but the relation of landlord and tenant,
   express or implied, must exist in order to maintain the action.

2. FORCIBLE ENTRY AND DETAINER—UNLAWFUL DETAINER NOT REMEDY WHEN.—Where lessees failed to show that they were
   ever in possession of the land, or that the defendant held under
   them by virtue of any contract, or that the relation of landlord
   and tenant existed between them and defendant, they were not
   entitled to maintain unlawful detainer, but might bring ejectment
   or pursue their remedy against the landlord.

3. FORCIBLE ENTRY AND DETAINER—DAMAGES.—Where lessees though
   entitled to possession, failed in unlawful detainer, the defendant, though having no right to possessin, was entitled to recover
   the land and his costs, but not to recover damages for being
   wrongfully dispossessed

Appeal from Marion Circuit Court; *J. H. Shinn,* Judge; affirmed.

STATEMENT OF FACTS.

This is an action of unlawful detainer brought by Ambrose Williams and Arvie Ingram against W. J Petty.

The suit was defended on the ground that the plaintiffs had never been in possession of the land, and that the relation of landlord and tenant had never existed between the plaintiffs and the defendant.

The record shows that Ambrose Williams and Arvie Ingram rented a farm in Marion County, Arkansas, for the year 1923, known as the Hill Fontaine land. For two years prior thereto the land had been rented to J. F. Williams, the father of Ambrose Williams. J. F. Williams had rented a part of the farm to W. J. Petty for the year 1922. After the plaintiffs rented the land they gave Petty a written notice to quit for the time provided by the statute.

W. J. Petty was a witness for himself. According to his own testimony, he went into possession of a part of the Hill Fontaine farm, about the first of the year 1922,

as a tenant of J. F. Williams. He admitted that he held over for the year 1923 until he was dispossessed, and that he informed the plaintiffs that he was holding under J. F. Williams, and that this holding was under the contract which he had made with J. F. Williams. He knew that J. F. Williams had not rented the land for the year 1923. Petty also testified as to the amount of damages suffered by him when he was dispossessed of the land.

The court instructed the jury that the plaintiffs were not entitled to recover, and submitted to the jury the question of damages suffered by Petty on account of being wrongfully dispossessed of the land.

The jury returned a verdict for $50 in favor of the defendant, and from the judgment rendered the plaintiffs have duly prosecuted an appeal to this court.

*J. H. Black,* for appellant.

HART, J., (after stating the facts). The circuit court was right in holding that the plaintiffs were not entitled to maintain the action. The action of forcible entry and unlawful detainer lies only in the cases pointed out by the statute, and the main purpose of the statute is to give a speedy remedy to a landlord against his tenant, who holds possession without right.

In this case the facts do not show that the plaintiffs were ever in the possession of the land, or that the defendant held under them by virtue of any contract, or that the relation of landlord and tenant in any manner, express or implied, existed between them.

We have held that the action of unlawful detainer will not lie on the right of possession merely, but the relation of landlord and tenant, express or implied, must exist in order to maintain the action. *Dortch* v. *Robinson,* 31 Ark. 296; *Necklace* v. *West,* 33 Ark. 682; and *White River Land & Timber Co.* v. *Hawkins,* 128 Ark. 277.

The plaintiffs, under the evidence, were entitled to the possession of the premises, but should have brought ejectment instead of unlawful detainer, or should have demanded that their landlord put them in possession of

the premises, and, if he failed to do so, they might have maintained an action against him for a breach of their rent contract.

The case of *Cherry* v. *Kirkland,* 138 Ark. 33, has no bearing on this case, and is not in conflict with the views we have expressed. In that case the plaintiff in the action acquired title from the lawful owner, and stood in his shoes as owner of the land for all purposes. The court expressly recognized that the relationship of landlord and tenant must exist, but said that the statute was broad enough to include the grantee of the owner. In other words, by acquiring the legal title to the property, the grantee took the place of the original owner, who was the landlord, and succeeded to his rights under the statute. Not so with the lessee of the original landlord, who, as we have already seen, only acquired the right of possession during the term of his lease, and did not become owner of the legal title to the land.

Therefore we are of the opinion that the court was right in dismissing the action of the plaintiffs.

The court was wrong, however, in submitting the question of damages to the jury. In the case of *White River Land & Timber Co.* v. *Hawkins,* 128 Ark. 277, it was held that, under our statute, the defendant in an action for unlawful detainer, where his occupancy is without right, cannot recover damages from the true owner. The reason is that the statute does not authorize such recovery, and the court said that it is only where the defendant disputes the right of possession that he can introduce before the jury evidence showing damages he has sustained by reason of being dispossessed.

According to the uncontradicted evidence, the defendant was not entitled to the possession of the land in controversy, and the failure of the plaintiffs to recover possession was due entirely to the form of the action in which they sought relief.

It follows that the judgment in the defendant's favor should only have been for the restitution of possession of the land and for the recovery of the costs of the action. To that extent only will the judgment be affirmed, and the judgment for recovery of damages will be reversed and dismissed. It is so ordered.