SLIP OPINION



Cite as 2015 Ark. App. 631

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-662

| | | |
|---|---|---|
| CHRISTINE STAMPS | | **Opinion Delivered** NOVEMBER 4, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE LEE COUNTY |
| V. | | CIRCUIT COURT |
| | | [NO. 39CV-13-44] |
| | | |
| TENESHIA BROWN-EPPS | | HONORABLE BENTLEY E. STORY, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

This appeal involves an unlawful-detainer dispute over property located at 177 Cherry Street in Marianna, Arkansas. Christine Stamps appeals an order of the Lee County Circuit Court granting Teneshia Brown-Epps's complaint for unlawful detainer and argues that the trial court erred (1) in granting Teneshia's complaint for unlawful detainer; (2) in finding that Teneshia's complaint should be amended to conform to the proof; (3) in failing to find that she had proved her entitlement to the property based on Arkansas Code Annotated section 18-61-104; and (4) in failing to find that she received the property as a gift.[1] Finding no merit in Christine's arguments, we affirm.

---

[1] We previously ordered rebriefing of this appeal because of deficiencies in the appellant's abstract. *See Stamps v. Brown-Epps*, 2015 Ark. App. 82.

I. *Procedural History*

Christine Stamps obtained title to 177 Cherry Street by way of a warranty deed in December 2008. In July 2009, Christine conveyed the property to her son, Jerome Epps, by executing a quitclaim deed. At the time of the conveyance, Jerome was married to Teneshia Brown-Epps.[2] After the conveyance, Jerome, who worked in construction, began building a house on the property. He finished construction on the house in December 2009. Christine moved into the house shortly thereafter, but the property remained titled in Jerome's name.

Jerome was murdered in March 2011. He died intestate, and title to 177 Cherry Street became a part of his estate. Teneshia was appointed administratrix of his estate. In October 2012, Teneshia executed an administratrix deed that gave her title to 177 Cherry Street. Teneshia sent Christine a letter on January 16, 2013, giving her thirty days' notice to vacate the property. Christine refused to vacate.

Upon the failure to vacate, Teneshia filed a complaint for unlawful detainer in April 2013, alleging that Christine was in unlawful possession of the property at 177 Cherry Street. Christine responded and objected to the complaint; she later filed an answer, counterclaim, and cross-claim and argued that she held equitable title to the property. The trial court held a bench trial in February 2014, and the trial court ultimately entered an order that granted Teneshia's complaint for unlawful detainer and dismissed Christine's cross-claim and

---

[2] Having married on March 21, 1999, Jerome and Teneshia were husband and wife for all times relevant to this case.

 

counterclaim. Christine filed a motion for reconsideration of the trial court's order, and the trial court denied that motion. Christine timely appealed.

## II. *Arguments*

For her first point on appeal, Christine argues that the trial court erroneously granted the complaint for unlawful detainer. Christine argues that a cause of action for unlawful detainer must contain an element of landlord-tenant relationship between the parties. Christine supports her argument with citation to cases decided under previous laws which held that "unlawful detainer will not lie on the right of possession merely, but the relation of landlord and tenant, express or implied, must exist in order to maintain the action." *Williams v. Perry*, 168 Ark. 642, 271 S.W. 9 (1925) (citing *Dortch v. Robinson*, 31 Ark. 296 (1876)). Factually, it is undisputed that Christine and Teneshia did not have a landlord-tenant relationship, and Christine contends that the absence of a landlord-tenant relationship should have precluded the court from granting Teneshia's unlawful-detainer complaint. Teneshia takes the position that a cause of action for unlawful detainer, as codified by statute, is broader than the cases decided under previous laws. The trial court found that Arkansas's unlawful-detainer statute does not require a landlord-tenant relationship to sustain an action pursuant to Arkansas Code Annotated sections 18-60-301 et seq.

Arkansas Code Annotated section 18-60-304 lists those actions that constitute unlawful detainer and provides as follows:

> A person shall be guilty of an unlawful detainer within the meaning of this subchapter if the person shall, willfully and without right:

SLIP OPINION

(1) Hold over any lands, tenements, or possessions after the determination of the time for which they were demised or let to him or her, or the person under whom he or she claims;

(2) Peaceably and lawfully obtain possession of any such property and hold it willfully and unlawfully after demand made in writing for the delivery or surrender of possession thereof by the person having the right to possession, his or her agent or attorney; or

(3) Fail or refuse to pay the rent thereof when due, and after three (3) days' notice to quit and demand made in writing for the possession thereof by the person entitled thereto, his or her agent or attorney, shall refuse to quit possession.

Based on a plain reading of Arkansas Code Annotated section 18-60-304, we conclude that the legislature contemplated actions for unlawful detainer to include situations where a landlord-tenant relationship is not present. Our analysis of this statute hinges on the meaning of section 18-60-304(2). This subsection specifically provides that when a person with the right to possession makes a written demand for surrender to one who is holding the property, and the holder fails to surrender, an unlawful detainer occurs. This is true even though the person holding the property obtained possession by peaceful and lawful means.

It is a basic rule of statutory construction that statutory provisions should be reconciled to make them consistent, harmonious, and sensible. *Brock v. Townsend*, 2009 Ark. 224, 309 S.W.3d 179. To rule that all unlawful-detainer actions must contain an element of landlord-tenant relationship would render that language of section 18-60-304(2) meaningless.[3] We

---

[3] Our current case law also supports the proposition that a landlord-tenant relationship is not required to sustain an unlawful-detainer action. *See Waterall v. Waterall*, 85 Ark. App. 363, 155 S.W.3d 30 (2004).

hold that the trial court did not err in applying or interpreting Arkansas Code Annotated section 18-60-304, and we affirm on this point.

In Christine's second point on appeal, she argues that the trial court erred in allowing Teneshia to amend her complaint to conform to the proof. Following the conclusion of the evidence, the trial court allowed Teneshia to amend her complaint to include a cause of action for ejectment. Christine contends that this ruling was error. Because we conclude that the trial court did not err in granting the complaint for unlawful detainer, we need not consider whether this amendment was proper.

Christine also contends on appeal that the trial court should have dismissed Teneshia's claim for unlawful detainer based on the affirmative defense of three years' peaceable and uninterrupted possession. Arkansas Code Annotated section 18-61-104 provides that

> [t]hree (3) years' peaceable and uninterrupted possession of the premises immediately preceding the filing of a complaint for forcible entry and detainer or unlawful detainer may be pleaded by any defendant in bar of the plaintiff's demand for possession.

The trial court made clear in its order that it rejected this defense based upon two independent grounds. The order provides as follows:

> The court finds the defendant was not in peaceable possession of the house for three years immediately preceding the filing of the unlawful-detainer complaint. The defendant was holding the house over objection and without the permission of the plaintiff or Mr. Epps. While her possession was uninterrupted for that three-year period, her possession was neither peaceable nor with permission of the plaintiff. In addition, the defendant failed to timely assert this defense as required by Rule 8(c) of the Arkansas Rules of Civil Procedure.

Christine challenges only the court's finding that she was not in peaceable possession of the house for three years. She does not challenge the trial court's finding that she failed to timely

assert this defense. Where the trial court bases its decision on two independent grounds and appellant challenges only one on appeal, the appellate court will affirm without addressing either. *Lowder v. Gregory*, 2014 Ark. App. 704, 451 S.W.3d 220. We affirm on this point.

Finally, Christine contends that the trial court erred when it found that there was insufficient evidence to establish an intent by Jerome to give the property to her. Christine contends that Jerome made a gift of the house to her, that she held the property as the recipient of the gift, that she paid taxes on the property, and that she paid for improvements to the house. Because this matter was heard as a bench trial, the trial court's decision should not be reversed unless it was clearly erroneous or clearly against the preponderance of the evidence. *DC Xpress, L.L.C. v. Briggs*, 2009 Ark. App. 651, 343 S.W.3d 603. We cannot say that the trial court was clearly erroneous when it found insufficient evidence to establish an inter vivos gift.

For an inter vivos gift to be sustained, Arkansas law requires that five elements must be established by clear and convincing proof. *Irvin v. Jones*, 310 Ark. 114, 832 S.W.2d 827 (1992). The law requires that (1) the donor was of sound mind; (2) an actual delivery of the property took place; (3) the donor clearly intended to make an immediate, present, and final gift; (4) the donor unconditionally released all future dominion and control over the property; and (5) the donee accepted the gift. *Id.* (citing *Wright v. Union Nat'l Bank*, 307 Ark. 301, 819 S.W.2d 698 (1991)).

At best, the evidence of an inter vivos gift supports only two of the above factors: actual delivery of the property and acceptance of the gift.[4] Neither party introduced any evidence of Jerome's soundness of mind. On the other factors, the evidence was in dispute. Teneshia testified that there was no gift, that she and Jerome asked Christine to vacate the premises, and that Christine refused. This testimony bears directly on the factors of the donor's intent and unconditional release of control. Additionally, the trial court's order indicates that it found Teneshia's testimony persuasive. In reviewing a trial court's determination for clear error, this court gives due regard to the opportunity of the trial court to judge the credibility of witnesses. *$15,956 in U.S. Currency v. State*, 366 Ark. 70, 233 S.W.3d 598 (2006). Accordingly, we affirm the trial court's ruling that Christine did not prove that Jerome had made a gift of the house to her.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellant.

*Robert E. Kinchen*, for appellee.

---

[4] Christine took, accepted, and retained possession of the property after completion of the home construction.